111 F.3d 138
 Fed. Sec. L. Rep. P 99,478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 D. NEUBRONNER, as Trustee for and on Behalf of MERCATURA
TRUST, Plaintiff-Appellant,
v.
Herbert J. YOUNG, Defendant,
and
Ernst & Whinney; Kenneth Leventhal & Company; KPMG Peat
Marwick, KPMG Peat Marwick LLP, Defendants-Appellees.
 
 1
 No. 95-55682.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Aug. 7, 1997.
Decided April 8, 1997.
 
 3
 Before: FLETCHER and TASHIMA, Circuit Judges, and RESTANI,* United States Court of International Trade Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Neubronner appeals the district court's dismissal of his complaint against Kenneth Leventhal & Co. ("Leventhal") and Ernst & Whinney (presently Ernst & Young) ("Ernst") alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act"), the Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5"), and a California state law claim of negligent misrepresentation. After giving Neubronner one opportunity to amend his complaint, the district court dismissed the complaint without leave to amend for failure to comply with Fed.R.Civ.P. 9(b) and 12(b)(6). For the following reasons, we affirm.
 
 FACTS[1]
 
 6
 Neubronner, as trustee for and on behalf of Mercatura Trust, purchased 1,275,900 shares of Gibraltar Financial Corporation ("GFC") common stock for approximately $9,455,000. During the time covered by the amended complaint, Neubronner sold all of the trust's shares, resulting in a loss of approximately $7.5 million. Neubronner asserted fifteen causes of action in his amended complaint against 18 defendants, including three accounting firms: Peat Marwick Mitchell & Co. ("Peat Marwick"), Leventhal, and Ernst. Neubronner alleges that each of these defendants violated and aided and abetted[2] the violation of Section 10(b) of the 1934 Act and Rule 10b-5, and committed negligent misrepresentation under California state law.
 
 
 7
 On a date not specified in the amended complaint, Neubronner alleges to have "reviewed" a prospectus dated April 7, 1986, relating to certain debentures being offered by Gibraltar Savings, GFC's wholly-owned thrift subsidiary. The prospectus contained Ernst's audit opinion on GFC's 1985 financial statements which allegedly did not properly reflect substantial losses attributable to GFC's commercial real estate loan activities and accrual interest attributable to certain "zero coupon" bonds issued and sold by Gibraltar Savings.
 
 
 8
 In August 1986, Ernst was replaced as GFC's auditor by Peat Marwick. Leventhal served as the independent certified public accounting firm for GFC and Gibraltar Savings from the middle of 1983 to date. Neubronner alleges that Leventhal provided strategic advice to GFC and Gibraltar Savings' management as to how they could employ alternative accounting principles and business policies in order to claim that GFC and Gibraltar Savings were not required to report losses, which Neubronner claims that management knew existed as a result of GFC and Gibraltar Savings' commercial real estate investment and loan activities. Neubronner also alleges that Leventhal's accountants provided GFC and Gibraltar Savings' other outside accountants and auditors with
 
 
 9
 representations and opinions regarding GFC and Gibraltar Savings' commercial real estate development activities and properties, particularly the Galleria [a New Orleans real estate investment], which ... Leventhal ... knew were false and/or misleading knowing that such representations and opinions would be used by, relied upon and form the basis for the audit, report and opinions being rendered by such outside accountants and auditors in respect of GFC and Gibraltar Savings' 1986 financial statements.
 
 
 10
 From September 1986 through October 1987, Neubronner purchased GFC common stock, aggregating 802,700 shares priced from $6 to $12, for a total investment of $7,608,000. Between March 3, 1987 and March 18, 1987, Neubronner sold 40,000 of those shares for $498,716.14. In March 1987, GFC filed its annual report for 1986. The annual report to shareholders contained GFC's financial statements for the year ending December 31, 1986, as well as Peat Marwick's audit opinion thereon. Neubronner alleges to have received and reviewed this annual report.
 
 
 11
 In October 1987, GFC announced losses of $250 million. Nevertheless, Neubronner purchased an additional 473,200 shares of GFC common stock for $1,847,000 during the next eleven months. GFC reported additional losses of between $71-76 million in the third and fourth quarters of 1988 and, on March 30, 1989, the Federal Deposit Insurance Corporation was appointed as conservator of Gibraltar Savings. Neubronner now appeals the dismissal of his claims under Section 10(b) and Rule 10b-5 and for negligent misrepresentation under state law.
 
 JURISDICTION
 
 12
 The district court had jurisdiction over Neubronner's Section 10(b) claims pursuant to 15 U.S.C. § 78aa and had pendant jurisdiction over Neubronner's state claim for negligent misrepresentation pursuant to United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). This court has jurisdiction over the final judgment dismissing both the federal and state claims pursuant to 28 U.S.C. § 1291.
 
 STANDARD OF REVIEW
 
 13
 We review a district court's dismissal of a complaint de novo. Neubronner v. Milken, 6 F.3d 666, 669 (9th Cir.1993). As we are reviewing a dismissal on the pleadings, we must accept the plaintiff's material allegations as true and construe them in the light most favorable to the plaintiff. Allen v. City of Beverly Hills, 911 F.2d 367, 369 (9th Cir.1990). We review a denial of leave to amend for abuse of discretion. Id. at 373.
 
 DISCUSSION
 I.
 
 14
 Fed.R.Civ.P. 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "This court has repeatedly recognized, implicitly or explicitly, that Rule 9(b) applies to actions brought under the federal securities laws." In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1545 (9th Cir.1994) (en banc) (citing cases). Rule 9(b) serves to furnish defendants with notice, but also imposes the additional obligation on plaintiffs to "aver with particularity the circumstances constituting the fraud." Id. at 1547. The Glenfed court interpreted Rule 9(b) to require allegations of not only the time, place, and content of an alleged misrepresentation, but also the circumstances indicating falseness. Id. at 1547-48. The court stated that,
 
 
 15
 [t]o allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.
 
 
 16
 Id. at 1548. The court went on to state that Rule 9(b) "requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." Id. at 1548 n. 7. In addition, California law requires that plaintiffs allege positive assertions and not merely implied representations to support a claim of negligent misrepresentation. See Huber, Hunt & Nichols, Inc. v. Moore, 136 Cal.Rptr. 603, 619 (Cal.Ct.App.1977).
 
 
 17
 Appellees claim that the amended complaint does not set forth with any specificity the allegedly fraudulent statements made by either Leventhal or Ernst.[3] Appellees assert that the amended complaint fails to describe when any allegedly fraudulent statements were made (except where it states that Ernst's 1985 opinion was made on January 23, 1986 and included in an April 7, 1986 prospectus for Gibraltar Savings debenture that Neubronner did not purchase), to allege when and how Neubronner obtained any such statements, to specifically state that Neubronner relied on such statements, and to provide any evidentiary basis whatsoever for presuming that any statements were false when made.
 
 
 18
 Neubronner maintains that the amended complaint satisfies the notice pleading allegations required under Rule 9(b) and summarily dismisses appellees' claim that Rule 9(b) was not satisfied by vaguely stating that the issue is not worth this court's attention. Contrary to Neubronner's assertion, however, a party's failure to comply with Rule 9(b) is proper grounds for dismissal of a complaint.
 
 
 19
 We find that Neubronner's complaint does not state with specificity the time or place of the alleged misrepresentation or falsity, nor does it state why or how appellees' actions or communications were false. Rather, Neubronner simply sets forth vague and general allegations that both Leventhal and Ernst either knew or were reckless in not knowing that GFC had incurred losses, that Leventhal and Ernst had such knowledge without disclosing it to plaintiff and the trading public, and that Leventhal provided strategic accounting advice to GFC and Gibraltar Savings' management. The amended complaint does not plead any evidentiary facts such as time, place, persons, statements made, or explanations of why or how such statements are false or misleading. Accordingly, we find that Neubronner's amended complaint fails to comply with the requirements of Rule 9(b) and the district court properly dismissed the complaint on that basis.
 
 II.
 
 20
 Neubronner also argues that the district court abused its discretion by dismissing Neubronner's first amended complaint without leave to amend. "Absent a definite and firm conviction that the district court committed a clear error of judgment, we will not disturb the district court's decision." Allen, 911 F.2d at 373. "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." Id.
 
 
 21
 Neubronner filed his original complaint on June 2, 1989. Subsequently, Leventhal and Ernst moved separately to dismiss the complaint under Rules 9(b) and 12(b)(6). The district court heard Leventhal's motion to dismiss on October 16, 1989. During the hearing, the district court asked Neubronner's counsel to address "the theory of [the] case against Leventhal, the factual theory of the case." The court told Neubronner that the complaint was "very, very ambiguous, confusing and vague." The district court stated that,
 
 
 22
 for the purpose of the appellate record, we should give [Neubronner's counsel, Mr. Bretz] this last chance to amend.... Mr. Bretz, if you come back and tell me the same thing you told me today, those causes of action are going to go away against them.... If [Mr. Bretz] does not amend [the complaint] appropriately it will go out.
 
 
 23
 Id. at 12. Eleven days thereafter, Neubronner stipulated, and the district court thereupon ordered, that Ernst's first motion to dismiss also be granted and that Neubronner be given leave to amend.
 
 
 24
 On January 12, 1990, Neubronner filed his amended complaint. Leventhal and Ernst argued that the amended complaint was virtually identical to the original complaint and again both filed motions to dismiss under Rules 9(b) and 12(b)(6). On March 5, 1990, the district heard Leventhal's second motion to dismiss. With regard to Neubronner's aiding and abetting claim against Leventhal, the court remarked to Neubronner's counsel that, "[Y]ou don't have any evidence of that, do you? You haven't [pleaded] any facts," and, "[W]hat I am trying to get at is the substance of the claim that you made." In response, Neubronner's counsel made several arguments, including: (1) that GFC's auditor had certain duties to the public; (2) that Leventhal had been hired by Peat Marwick like a "P.R. firm" to knowingly make false statements in order to deceive Neubronner; (3) that Leventhal was in the position of an officer or director secretly trading on inside information; and (4) that Leventhal was in the position of a "tippee" under the securities laws. The district court concluded that, "[w]e are going over the same thing we have gone over many times before," and ordered that the complaint be dismissed as to Leventhal without leave to amend.
 
 
 25
 On April 16, 1990, the district court heard Ernst's second motion to dismiss in which Ernst's counsel argued that Neubronner's amended complaint: (1) had provided no factual basis for concluding that Ernst's 1985 audit opinion amounted to fraud in connection with Neubronner's purchase of securities; and (2) had not even alleged that Neubronner actually saw and relied on that audit opinion. In response, Neubronner's counsel argued that Ernst's 1985 audit opinion was fraudulent, that the 1985 fraud was carried forward under Section 11 of the Securities Act of 1933 to the 1986 and 1987 annual reports because the 1985 audit opinion was republished in those annual reports, and that Neubronner specifically read and relied upon the Ernst audit opinions. The district court told Neubronner's counsel that his argument was "totally different than what you have alleged and you have had several chances to do it." Id. at 43. The district court then dismissed Neubronner's complaint and denied leave to replead. In light of the foregoing, it is apparent that the district court found Neubronner's complaint to be factually deficient.
 
 
 26
 In the instant case, as in Allen, because plaintiff has had one chance to amend the complaint and, more importantly, it does not appear that Neubronner can satisfy the requirements of Rule 9(b) despite any further opportunities for amendment, we need not consider the other three factors. Allen, 911 F.2d at 373 (" 'The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.' ") (quoting Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989)). Accordingly, we find that the district court did not abuse its discretion in dismissing Neubronner's amended complaint without leave to amend. As the district court properly dismissed Neubronner's federal and state claims for failure to comply with Rule 9(b) without leave to amend, we will not address any Rule 12(b)(6) claims.
 
 III.
 
 27
 Prior to oral argument, Neubronner requested that we take judicial notice of several items. Fed.R.Evid. 201(b) provides that,
 
 
 28
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
 
 
 29
 Exhibits A, B, E, F, and G are discovery matter that was not filed with the district court, except for a Leventhal engagement letter of March 27, 1986. Exhibit A is an excerpt from a deposition, the transcript of which was apparently lodged in the district court. Exhibit B is a written deposition. Exhibit E and F are excerpts from written responses to plaintiff's requests for admissions (and exhibits thereto). Exhibit G is listed in the request as excerpts from responses to plaintiff's requests for admissions, but no Exhibit G is actually attached. As those exhibits do not contain the type of facts that are generally judicially noticeable and were immaterial in determining the merits of this case, they need not be judicially noticed.
 
 
 30
 Exhibit C is a federal regulation that need not be judicially noticed. Exhibit D is an accounting standard which Neubronner cites in his opening brief to support the unremarkable proposition that past financial statements in annual reports enhance the usefulness of such reports. Exhibit D also need not be judicially noticed. We therefore deny Neubronner's motion.
 
 
 31
 AFFIRMED.
 
 
 
 *
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As Neubronner appeals the district court's dismissal of his amended complaint for failure to comply with Fed.R.Civ.P. 9(b) and 12(b)(6), the facts as detailed here are those alleged in Neubronner's amended complaint
 
 
 [2]
 Neubronner does not appeal the dismissal of Count Two against Ernst and Leventhal for aiding and abetting violations of Rule 10b-5 in light of the Supreme Court's decision in Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994) (holding no private right of action for aiding and abetting under Rule 10b-5)
 
 
 [3]
 Appellees argue that we should affirm summarily the district court's order dismissing Neubronner's complaint for failure to comply with Rule 9(b) because Neubronner's opening brief does not argue that dismissal under that rule was improper. Ordinarily, we do not consider matters on appeal that are not specifically and distinctly argued in the appellant's opening brief, however, we have discretion to review an issue not raised by the appellant when it is raised in the appellee's brief. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). As appellees have briefed the Rule 9(b) issue, we will consider the issue as if it had been raised properly