111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re NORTH COAST VILLAGE, LTD., a California limited
partnership, Debtor.
NORTH COAST VILLAGE, LTD., a California Partnership,
Plaintiff-Appellee,
v.
John R. PREWITT, Defendant-Appellant.
 No. 95-56497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided April 9, 1997.
 
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 MEMORANDUM**
 The district court erred when it concluded that there were no genuine issues of fact and granted summary judgment. The California Supreme Court has held that in the absence of a preexisting obligation failure to deliver a note evidencing an indebtedness causes the whole indebtedness to fail. Western Loan Building v. Scheib, 218 Cal. 386 (1933). Thus the key issue to Prewitt's claim is whether the Modified Land Note in this case was delivered into escrow, and what exactly did it represent. The evidence on that point is conflicting. Murphy testified that he did deliver the Land Note, but then later testified otherwise. There is testimony that the Note was deposited and then lost, as well as testimony that it was never deposited at all. The conflicting evidence over this key issue presents a genuine issue of fact that cannot be resolved through summary judgment.
 A further factual discrepancy exists over what the Modified Land Note represents. Prewitt claims that the Modified Land Note simply represented the debtor's preexisting obligation to him; thus delivery of the Note into escrow was not necessarily important. The debtor, however, claims that the Modified Land Note established a new obligation and therefore delivery into escrow was essential to secure the debt. Once again, the evidence on this point conflicts. Prewitt analogizes his case to Schwerin v. Shostak, 213 Cal.App.2d 37, 42-43 (1963) which held that a mere change in the form of the debt secured will not discharge the security. He claims that he never thought he was creating a new obligation with Murphy but merely redefining a preexisting one. NCV argues that Schwerin does not apply. It claims that Prewitt's and Murphy's detailed discussions over the Modified Land Note represents efforts to create a new obligation.
 The record in this case contains genuine issues of material fact concerning the status of the Note and the Deed of Trust between the two parties. Summary judgment is erroneous at this stage.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3