111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Antonio GUTIERREZ-REYES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70526.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided April 9, 1997.
 
 1
 Before: FERGUSON and FLETCHER, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Jose Antonio Gutierrez-Reyes, a native and citizen of El Salvador, appeals the order of the Board of Immigration Appeals ("BIA"), affirming the order of an immigration judge ("IJ"), denying Petitioner's application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). Petitioner claims that he has a well-founded fear of persecution if he returns to El Salvador.
 
 
 4
 On September 28, 1985, Petitioner entered the United States on foot near San Ysidro, California. He was not inspected by U.S. immigration authorities when he crossed the border. The Immigration and Naturalization Service (INS) apprehended the Petitioner shortly after his entry. The INS commenced deportation proceedings on September 30, 1985. Petitioner was ordered to show cause why he should not be deported for entering the United States without inspection. On March 19, 1986, the Petitioner conceded deportability, but requested leave to file an application for asylum under section 208(a), which is also reviewed as an application for mandatory withholding of deportation under section 243(h). Alternatively, Petitioner requested voluntary departure under section 244(e). Petitioner filed an application for asylum on April 21, 1986. After a full hearing on November 29, 1988, the IJ denied Petitioner's applications for asylum and withholding of deportation. The IJ granted voluntary departure until June 1, 1989, with an alternative order of deportation if he failed to depart from the United States by that time. Petitioner appealed to the BIA. The BIA dismissed his appeal.
 
 
 5
 The BIA had jurisdiction under 8 C.F.R. §§ 3.1(b)(2), 242.21. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 
 6
 The BIA's denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Review is for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). The BIA's decision to withhold deportation pursuant to section 243(h) is reviewed for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 7
 Because the Board stated that it adopted the reasons and conclusions of the IJ, in addition to stating its own reasons, we review both the BIA's decision and the IJ's opinion below. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). Gutierrez-Reyes contends that the BIA erred by failing to consider whether he had a well-founded fear of persecution by the Salvadoran guerrillas based on similar treatment of others and on imputed political opinions. We disagree.
 
 
 8
 Petitioner testified that the guerrillas were engaged in actions in his town of Anamoros, La Union, El Salvador. He recalled that guerrillas set off explosions on his farm about three times per year in 1983 and 1984. He stated that he was personally confronted by the guerrillas when they asked residents for food and directions. Petitioner also documents the persecution his relatives and friends suffered: an uncle was kidnapped by the guerrillas for ransom; friends were kidnapped and found dead after they escaped; another uncle was severely beaten. Petitioner also testified that a cousin and several friends left El Salvador because the government could not protect them. When asked whether he thought he would be singled out by the guerrillas, the Petitioner answered that he did not, but that all men in El Salvador would face the same problems. Petitioner conceded that he was not involved in any political activities and had never been physically harmed by the guerrillas. There was no evidence that Petitioner received any threats. He testified that he left El Salvador because the government would not protect him from the forced guerrilla recruitment. Also, he believes he would be killed by either the guerrillas, if he declined to join their forces, or by the government, if he did not resist the guerrillas.
 
 
 9
 The IJ concluded, from the testimony and evidence, that Gutierrez-Reyes has never been harmed or confronted by either the army or the guerrillas. The IJ found his fear of persecution to be conjectural, as he had never been a member of a labor union, active in any student groups, or harmed in any manner. The IJ ruled that Petitioner was not eligible for asylum because he failed to establish a clear probability of persecution.
 
 
 10
 Petitioner contends that the BIA erroneously denied his request for asylum on grounds that he does not wish to serve either in the Salvadoran military or the guerrilla forces. Petitioner challenges this characterization and states that others "very similarly situated to the petitioner have been kidnapped, held for ransom, beaten, threatened with physical mutilation or killed by the guerrillas." Although the BIA found the Petitioner's wish to avoid service in the Salvadoran military or the guerrilla forces to be his "central argument," the record shows that the BIA considered the factors in the IJ findings as well.
 
 
 11
 Petitioner also states that he has well-founded fears on account of imputed political opinions. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997); Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir.1992). To establish an imputed political opinion, the applicant must show that his persecutors actually imputed a political opinion to him. Sangha, 103. F.3d at 1489. We have found imputed political neutrality where the applicant has refused to join a non-governmental guerrilla group. Id. We have also found imputed political opinion where the applicant is a member of a large, politically active family whose members have already been persecuted for their political beliefs. Id. In both cases, however, we considered it likely that the persecutors would attribute the political views of others to the applicant. Id.
 
 
 12
 Gutierrez-Reyes fears persecution by the guerrillas in El Salvador because of his neutral position toward the government and the guerrillas. Petitioner believes his uncles and friends were harmed by the guerrillas because of their refusal to comply with the guerrillas' orders. Petitioner has not offered any evidence that "the circle of persecution was drawing closer and closer to the petitioner [himself]." Najaf-Ali v. Meese, 653 F.Supp. 833, 836 (N.D.Cal.1987). The evidence also lacks any indication that the treatment of Petitioner's uncles or friends was politically motivated.
 
 
 13
 Petitioner has not established a well-founded fear of persecution if he returns to El Salvador. The BIA's decision is supported by substantial evidence. The Petition is therefore DENIED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3