111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary R. EITEL, UNITED STATES of America, ex rel., Plaintiff-Appellant,
v.
EVERGREEN INTERNATIONAL AIRLINES INC., Delford M. Smith;
Evergreen Aviation Ground Logistics Enterprises; Evergreen
Air Center Inc., Evergreen Aircraft Sales & Leasing Company;
Evergreen Venture Inc.; Evergreen International Aviation,
Inc., Defendants-Appellees.
 No. 95-35889.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1996.*
Decided April 10, 1997.
 
 Before: ALARCN, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm Judge Zilly's careful decision for the reasons stated therein. As the district court's analysis shows, the fraud Eitel alleges was publicly disclosed, in the sense of the statute, in numerous paper and magazine articles, and internal government investigative reports, prior to Eitel's disclosure. See United States ex rel. Wang v. FMC Corp., 975 F.2d 1412, 1417 (9th Cir.1992). The record also demonstrates without contradiction, that Eitel was not the original source of these public disclosures. The district court cited numerous public disclosures, not just two articles as appellant's brief suggests. Eitel's reports and claims derive from the magazine and newspaper articles and the government's own investigative reports which Eitel obtained through FOIA requests. In this case, the standard to be applied by the district court, and the standard of review to be applied by this court, see Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir.1979), are both immaterial, because the evidence was uncontradicted and allowed for no conclusion except the one reached by the district court. Eitel's disclosures were not substantially dissimilar from the materials previously disclosed in the newspaper and magazine articles and government investigations.
 
 
 3
 The district court did not abuse its discretion by its denial of Eitel's Rule 59 motion. The justification Eitel offered for filing his Rule 59 motion was that his disappointment in the court's decision "caused me to review the voluminous records I have kept, which led to a rekindling of my memory." With his motion, he filed a declaration of a man named Tom Miller, stating that Mr. Miller is "an employee of the United States government" who at all relevant times "worked for the U.S. Department of Defense or U.S. Department of Transportation." Mr. Miller says in his declaration that he and Mr. Eitel had conversations in 1989, in which Mr. Eitel told him about facts which Mr. Eitel claims are fraudulent acts of Evergreen. The district judge denied the motion, because the evidence offered by plaintiff "was available to plaintiff long before the court's ruling." This was an appropriate ground for the exercise of discretion, because "failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence warranting reconsideration under Rule 59(e)." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3