111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ashok Kumar MOHAN; Vishal Kumar Mohan; Heena Kumari Mohan;
Sunita Kumari Mohan, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70083.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 10, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, Nos. Ayq-ysi-gsk, Awn-ycx-wjz, Aie-lis-hol, Acb-pfr-vfe.
 BIA
 REVIEW DENIED.
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 An Immigration Judge (IJ) denied Ashok Kumar Mohan's application for asylum and withholding of deportation, but granted his request for voluntary departure. The Board of Immigration Appeals (BIA) dismissed Mohan's appeal and this appeal followed. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 DISCUSSION
 
 3
 Mohan argues that, while in India, he was subjected to persecution because of his religious beliefs. Because the BIA conducted a de novo review of the record, we review the BIA's decision. Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996).
 
 
 4
 We review for substantial evidence the BIA's determination that Mohan did not demonstrate a well-founded fear of persecution. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). "To obtain reversal, [Mohan] must establish that the evidence not only supports the conclusion that [he] suffered persecution or has a well-founded fear of persecution, but compels it." Id. Mohan must show that the evidence he "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 The BIA determined Mohan was not credible. We accord "substantial deference to credibility findings, but these findings must be supported by specific, cogent reasons." Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994) (quotations and citation omitted), overruled on other grounds, 79 F.3d 955 (9th Cir.1996). Substantial evidence supports the credibility finding, and the BIA articulated specific reasons for its credibility finding.
 
 
 6
 The IJ and BIA both pointed to several specific inconsistencies in Mohan's testimony. These inconsistencies "involved the heart of the asylum claim" and are not merely "incidental." Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990). For example, Mohan testified at the hearing that his uncle had been kidnapped in 1990. Mohan, however, did not mention this alleged kidnapping in his application for asylum. He also changed his story as to whether his brother had ever been kidnapped. In his application for asylum, Mohan stated his brother had been kidnapped. During the hearing before the IJ, however, Mohan denied that this had happened.
 
 
 7
 Mohan attempts to explain away the inconsistencies based on his inability to speak English. Mohan, however, signed a sworn affidavit that his application was translated and that he read it. Moreover, Mohan's brother, who was living in the United States, translated for him during his asylum interview. While one might infer from Mohan's lack of familiarity with English that the inconsistencies were innocent, such an inference is not compelled. The IJ and the BIA found otherwise. We may "not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence." Arkansas v. Oklahoma, 503 U.S. 91, 113 (1992).
 
 
 8
 Even assuming that Mohan's testimony was credible, substantial evidence supports the BIA's determination that he failed to objectively demonstrate a well-founded fear of persecution on account of his religious beliefs. See Fisher, 79 F.3d at 962-63. Mohan argues he was harassed by a terrorist group. He alleges the terrorists demanded money from him on several occasions and threatened him if he refused to pay. There is evidence that the Sikh militants utilize their terrorist attacks to forward their movement, that they carry out indiscriminate attacks on civilians, and that both Sikhs and Hindus have been forced to move out of the Punjab. General conditions are insufficient to show persecution. Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994).
 
 
 9
 There is no compelling evidence that the purpose of the extortion was anything more than an attempt to obtain money. Moreover, as noted by the BIA, after the threats occurred, Mohan remained in India for over a year without incident. While this fact does not automatically make Mohan ineligible for asylum, the BIA may consider such evidence when determining eligibility. Singh v. Ilchert does not hold otherwise, unless a petitioner has already established a presumption of persecution through credible evidence of past persecution. 69 F.3d 375, 379 (9th Cir.1995). Mohan did not establish such a presumption. The evidence does not compel a finding that the harassment was on account of Mohan's religious beliefs. See Elias-Zacarias, 502 U.S. at 483.
 
 
 10
 Mohan's failure to satisfy the standard for asylum necessarily results in his inability to satisfy the more rigorous standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 11
 The petition for review is DENIED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 12
 I respectfully dissent. I conclude that Mohan is statutorily eligible for asylum. First, I would hold that the Board's rejection of Mohan's credibility was both unsupported by substantial evidence and based on a failure to apply governing legal standards, thus constituting an abuse of discretion as well. While there are material inconsistencies between Mohan's asylum application and his testimony before the IJ--such as whether his uncle or his brother was the person kidnapped--Mohan provided a reasonable explanation for the content of his application: (1) he is not fluent in English, (2) a non-attorney sitting outside the Immigration Office in Fresno completed the application for him, and (3) Mohan did not have the application read back to him before he signed it. Propositions (1) and (2) are confirmed by the record, and (3) is entirely plausible behavior for a recent arrival from India who does not even speak English. Indeed, this is precisely the type of "plausible and therefore reasonable explanation" that the Board must evaluate and address in a reasoned manner before rejecting a petitioner's credibility. Osorio v. INS, 99 F.3d 928, 932-33 (9th Cir.1996). The majority states that the IJ and the BIA "found" that these inconsistencies were not innocent. They did not. The IJ stated only that the inconsistencies were not "properly explained," and the Board, whose decision is the sole focus of this appeal, denied that Mohan had given any "reasonable explanation" at all. That is plainly insufficient to satisfy Osorio 's requirement that the Board "address in a reasoned manner the explanations that [the petitioner] offers for these perceived inconsistencies." Id. at 933.
 
 
 13
 The Board also rejected Mohan's credibility on the basis of its conclusion that he "changed his story on a number of occasions before the Immigration Judge." Yet the Board's decision does not, as it must, identify any of these purported inconsistencies before the IJ; nor, obviously, did it purport to explain their relevance or significance. Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994); see also, e.g., Mosa v. Rogers, 89 F.3d 601, 604 (9th Cir.1996); Paredes-Urrestarazu v. INS, 36 F.3d 801, 817 (9th Cir.1994). Contrary to the majority's assertion that the Board "pointed to several specific inconsistencies in Mohan's testimony," the Board merely cited to various pages of the record, without giving any indication of what inconsistencies we should expect to find amidst that testimony, much less the relevance or significance of any inconsistencies that we might speculate served as the basis for the Board's decision.[1] Thus, the Board abused its discretion by failing to supply the cogent and substantial reasons that are necessary to support an adverse credibility finding. See, e.g., Hartooni, 21 F.3d at 342; Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990).
 
 
 14
 I find inexplicable the Board's and the majority's alternative holding that Mohan's testimony, even if deemed credible, fails to establish a well-founded fear of persecution on account of religious belief. Mohan testified consistently and repeatedly that the Sikh militants targeted him for beating and extortion because he was a Hindu residing in a predominantly Sikh, and historically violent, region of India (and, later, because he was a Hindu who would not relinquish land in a state that Sikh separatists claim exclusively for their own). Indeed, his testimony that the Sikh militants sought to expel him and other Hindus to further the creation of an independent "Khalistan," and that he personally supports a unified India, would seem to demonstrate a well-founded fear of persecution on account of political opinion as well as religious belief. There is no evidence to the contrary in the record--a record, I must regretfully note, that bears no resemblance whatsoever to the one posited by the majority, i.e., one in which the facts that Mohan was a Hindu and the militants who attacked him were Sikhs are purely coincidental.
 
 
 15
 The majority states that there is "no compelling evidence that the purpose of the extortion was anything more than an attempt to obtain money." Like the BIA, the majority reasons, in effect, that because the form of persecution experienced by Mohan was partly economic (and partly physical beating), the reason for the persecution was entirely economic. Even if the form of the persecution were entirely economic, the form that the persecution takes does not determine the answer to the controlling question: what was the reason for the persecution? Here, Mohan testified both that the militants selected him for persecution on account of his religious beliefs, and that the persecution was, at least in part, economic in form. For no apparent reason, the Board and the majority credit the latter testimony, but simply ignore the former. The Board and the IJ effectively conclude that Mohan was not persecuted simply because the persecution--or, to be accurate, a significant part of it--was economic. Yet we have long held otherwise. Kovacs v. INS, 407 F.2d 102, 107 (9th Cir.1969) (holding that the "deliberate imposition of substantial economic disadvantage upon an alien for reasons of race, religion, or political opinion" constitutes persecution for purposes of the Immigration and Nationality Act). So, too, the selection of members of one religious group to be the subjects of a campaign of extortion undeniably constitutes persecution on account of religious belief.[2]
 
 
 16
 Finally, while there is no need to set forth all of the BIA's errors, I note that its decision conflicts squarely with Singh v. Ilchert, 69 F.3d 375, 379-80 (9th Cir.1995), in which we held that "evidence that an applicant can reasonably relocate to another part of her home country can only be considered in determining whether to exercise discretion to grant or deny asylum to an eligible applicant," id. at 379-80,[3] and that its conclusion that Mohan failed to show that the Indian government is unable or unwilling to control the Sikh militants is directly contradicted by the record, i.e., by the State Department report that uncontrolled violence persists between the militants and Indian authorities.
 
 
 17
 Accordingly, I would reverse and remand for the Board's exercise of its discretionary authority.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The "inconsistencies" described specifically by the majority are inconsistencies between the material in Mohan's application and his testimony before the immigration judge. As explained above, the Board was required to address those inconsistencies in accordance with Osorio. It did not
 
 
 [2]
 The majority attempts to provide belated support for the Board's decision by noting evidence that the Sikh militants have been known to attack civilians indiscriminately, and that general country conditions cannot form the basis for a finding of persecution. Yet the explicit selection of Mohan for persecution because he was a Hindu can hardly be described as "indiscriminate," and neither the Board nor the IJ found or even implied that Mohan suffered merely as a result of conditions prevailing generally in India. We are limited in our review to the findings and determinations upon which the Board relied
 
 
 [3]
 The majority reasons that Singh does not prevent the Board from considering Mohan's ability to relocate because he has not demonstrated past persecution that entitles him to a presumption that he also has a well-founded fear of future persecution. Because I believe that Mohan experienced past persecution on account of his religious (and political) beliefs, I must conclude that he also has a well-founded fear of future persecution, and that Singh is therefore controlling. This disagreement, however, adds nothing to our earlier disagreements. If the majority is correct that the Board's other rulings may be affirmed, it need not reach the Singh question at all. If I am correct as to the other rulings, we must remand for that reason alone, and the Board's ruling as to the Singh issue is simply one additional error