111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose ROBLES-HERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70034.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1997.*
Decided April 14, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Robles-Hernandez seeks judicial review of the decision of the Board of Immigration Appeals (BIA) denying him suspension of deportation and voluntary departure under § 244 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1) and (e), for lack of good moral character. We have jurisdiction under § 106 of the INA, 8 U.S.C. § 1105(a). We deny the petition for review.
 
 Background
 
 4
 Robles-Hernandez is a 41-year old native and citizen of Mexico who entered the United States in April, 1984. He is married to a Mexican national who resides in the United States and is the father of two United States citizen children. The Immigration and Naturalization Service issued an Order to Show Cause charging that Robles-Hernandez was deportable because he had entered the United States without inspection. Robles-Hernandez conceded deportability before an Immigration Judge (IJ), but applied for suspension of deportation and, alternatively, voluntary departure. The IJ found that Robles-Hernandez had presented false testimony under oath at the deportation hearing, and was thus statutorily ineligible for suspension of deportation or voluntary departure. The BIA affirmed (dismissed the appeal) after an independent review of the record.
 
 Suspension of Deportation
 
 5
 To qualify for suspension of deportation, an alien must show: (1) Continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application; (2) Good moral character; and (3) In the opinion of the Attorney General, deportation would result in extreme hardship to the alien, or to a spouse, parent or child who is a citizen or a permanent resident of the United States. 8 U.S.C. § 1254(a)(1). Robles-Hernandez bears the burden of meeting these three requirements. Ramirez-Durazo v. INS, 794 F.2d 491 (9th Cir.1986). The IJ found that Robles-Hernandez had met the first and third requirement. However, he found that Robles-Hernandez's false testimony at the deportation hearing precluded him from showing good moral character. The BIA affirmed on this ground.
 
 
 6
 An alien is statutorily precluded from showing good moral character if he gives "false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101(f)(6). For this bar to apply, the alien's false testimony must be an oral statement made under oath, and must be made with specific subjective intent to obtain immigration benefits, not for "other reasons, such as embarrassment, fear, or desire for privacy." Kungys v. United States, 485 U.S. 759, 780 (1988) (internal citation and quotation marks omitted). The false testimony need not be material. Id. at 779.
 
 
 7
 We review a finding of statutory ineligibility for want of good moral character for substantial evidence. Mabugat v. INS, 937 F.2d 426, 431 (9th Cir.1991); Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). Thus, we must uphold the BIA's finding unless the evidence presented compels a reasonable factfinder to a contrary result. Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996) (citing INS v. Zacarias, 502 U.S. 478, 481 (1992)). Here there was ample evidence to support the BIA's finding that Robles-Hernandez had given false testimony in his deportation hearing. Under oath, Robles-Hernandez gave incomplete and changing testimony about his criminal record, as well as contradictory explanations for his failure accurately to report that record on his suspension application. He also provided shifting testimony about his previous use of false names and aliases. Finally, Robles-Hernandez's contention that there is not substantial evidence in the record to support the finding that he had the requisite intent to deceive the IJ is belied by the fact that he twice admitted to the IJ that he had lied.
 
 Voluntary Departure
 
 8
 Because we accept the BIA's finding that Robles-Hernandez gave false testimony, it follows that he does not possess the good moral character necessary for voluntary departure. 8 U.S.C. 1254(e); see Bachelier v. INS, 625 F.2d 902, 905 (9th Cir.1980).
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3