111 F.3d 138
 10 NDLR P 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Laura TEAGUE, Personal Representative of the estate of
Billy R. Wilcoxson, deceased, Plaintiff-Appellant,
v.
LAS VEGAS SANDS, INC., dba Sands Hotel & Casino, Defendant-Appellee.
 No. 96-15401.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided April 15, 1997.
 
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joe Laura Teague, on behalf of her since-deceased son, Billy R. Wilcoxson, appeals the district court's grant of summary judgment in favor of Las Vegas Sands ("Sands"), Wilcoxson's employer, on Wilcoxson's Americans with Disabilities Act ("ADA") action against Sands. The district court held that Wilcoxson did not demonstrate that he was a "qualified individual with a disability" ("qualified individual"), and that extended and indefinite leave from duty was not an accommodation required under the ADA. We affirm.
 
 
 3
 It is undisputed that on the date Sands required him to return to work, Wilcoxson was physically unable to do so. Wilcoxson would only be considered a qualified individual, therefore, if he can demonstrate that a further extension of his already extended leave was a required reasonable accommodation that would have enable him to perform the essential functions of his position. See School Bd. of Nassau County v. Arline, 480 U.S. 273, 287 n. 17 (1987).
 
 
 4
 ADA regulations state that reasonable accommodation "could include permitting the use of accrued paid leave or providing leave for necessary treatment." 29 C.F.R.App. § 1630.2(o) (1995). We have previously held, however, that an employer is not required to grant an employee additional accommodations (including additional leave) when prior accommodations were not successful. See Fuller v. Frank, 916 F.2d 558, 562 (9th Cir.1990); see also Myers v. Hose, 50 F.3d 278, 283 (4th Cir.1995) ("Reasonable accommodation" does not require employer to wait indefinite period for accommodation to achieve its intended effect).
 
 
 5
 Sands granted Wilcoxson several extensions of his leave, as well as additional time to obtain a release from his doctor, totaling over seven months. Sands reasonably and flexibly applied its leave policy to Wilcoxson's situation and finally discharged him after learning that he was unable to return to work by June 4, 1993 and that he desired additional, possibly indefinite, leave. Under these circumstances, the ADA did not require Sands to grant Wilcoxson the requested additional leave.
 
 
 6
 We do not reach the judicial estoppel argument advanced by Sands.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3