111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herbert Larry PACHECO, Petitioner-Appellant,
v.
Gary LUCAS, Respondent-Appellee.
 No. 96-35749.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided April 15, 1997.
 
 Before: WALLACE, BOOCHEVER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herbert Pacheco, a former deputy with the Clark County Sheriff's Office, appeals the district court's denial of his habeas corpus petition, claiming that his underlying conviction is invalid because the state failed to disclose material impeachment evidence in violation of his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). We affirm.
 
 
 3
 Under Brady, a due process violation occurs if the state fails to disclose exculpatory or impeachment evidence that is material. United States v. Sarno, 73 F.3d 1470, 1504 (9th Cir.), cert. denied, 116 S.Ct. 2554 (1995). Evidence is material when there is a reasonable probability its disclosure would have changed the result of the trial. Id. Pacheco claims the state failed to disclose information about the state's primary witness, Thomas Shane Dillon, who served as a paid FBI informant, including that: there was an "agreement" between Dillon and the DEA calling for lenient treatment in exchange for testimony; Dillon was a fugitive at the time of trial; Dillon had a prior criminal record; Dillon used false names; and Dillon misrepresented his education and background. A careful examination of the record, however, shows no undisclosed material impeachment evidence.
 
 
 4
 There is no Brady violation if the state provided the defense with the information necessary to discover the alleged Brady material on its own. United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir.1995). In pretrial interviews, Dillon provided Pacheco's defense attorney with sufficient information regarding his relationship with the DEA, his use of false names and his education/background that the defense could have discovered the alleged Brady impeachment evidence, if any, on its own.
 
 
 5
 The record belies Pacheco's contention that the state failed to disclose Dillon's fugitive status at the time of trial. An information and a warrant for Dillon's arrest for writing bad checks in King County, Washington were issued after the conclusion of Pacheco's trial. Thus, there was no Brady material for the state to disclose.
 
 
 6
 Pacheco claims the state withheld information regarding Dillon's criminal history. The defense located a California misdemeanor conviction for shoplifting in 1974 under a different name (Shane Levine Dillon). Even if admissible, the alleged impeachment evidence was not "material." As the state court judge pointed out, impeachment of Dillon's character would not likely have made any difference in the outcome of Pacheco's trial. The State produced tapes of incriminating conversations between Dillon and Pacheco. Pacheco's explanation for the tapes, that he agreed to participate in Dillon's drug schemes because he was conducting an undercover investigation of Dillon (without ever informing the sheriff's office), was utterly unsupported. There was no written record of Pacheco's "investigation" and only Pacheco's fiancee could corroborate his story. Pacheco supposedly also told a retired policeman of his plans, but the officer did not testify at trial. Moreover, Pacheco had deposited some of the "evidence" into his personal checking account.
 
 
 7
 Pacheco was not entitled to an evidentiary hearing because, as discussed above, he did not allege facts which, if proven, would have entitled him to relief. Turner v. Marshall, 63 F.3d 807, 815 (9th Cir.1995). Thus, the district court did not abuse its discretion in denying Pacheco an evidentiary hearing and did not err in dismissing Pacheco's writ.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3