111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen A. SPOSATO, Administrator, Estate of Jody Jones
Sposato, Deceased, Plaintiff-Appellant,
v.
ELECTRONIC DATA SYSTEMS, CORP., David Wire, Defendant-Appellee.
 No. 95-17225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided April 22, 1997.
 
 Before: GOODWIN, LEAVY, THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jody Sposato sued her employer in the Superior Court for damages for wrongful discharge under California law. The cause was removed to the district court on the ground of diversity, and, while the case was pending, Jody Sposato was accidentally killed. Her husband was substituted as plaintiff. On cross motions for summary judgment, the court granted judgment for the employer. The estate appeals. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 FACTS
 
 3
 Jody Sposato was a salesperson at Electronic Data Systems, Corp. ("EDS"), where her compensation included salary and fringe benefits. Her benefits included an employer financed life insurance policy having a face value of $150,000, and a double indemnity in case of the accidental death of the worker. Ms. Sposato quit her job on February 18, 1992, alleging sex discrimination. The parties apparently agree that her termination was a "constructive discharge" and that she had the right, within thirty-one days of leaving her employment, to convert her existing insurance to private coverage with the same carrier and without a physical examination.
 
 
 4
 For reasons not developed in the record, Ms. Sposato did not within the thirty-one days immediately after termination, replace her EDS insurance. She procured other insurance in August of 1992. Her replacement life insurance policy had a face value of $150,000, but did not include the double indemnity for death by accident. On July 1, 1993, while attending her deposition in this case, she was killed. A joint statement of stipulated facts included the fact that Ms. Sposato did obtain new insurance and that the $150,000 face amount of that policy has been paid to her estate. It was also agreed, and the court found, that she had mitigated her damages by buying new insurance, and that she had complied with the state law's administrative requirements before bringing suit.
 
 PROCEDURAL HISTORY
 
 5
 Counsel on both sides made commendable efforts to settle the case and through binding arbitration settled all other issues. In the settlement agreement, EDS granted some financial payment to the estate, the specific amount redacted as confidential. The settlement agreement does not explain the basis for the amount of payment agreed upon. The agreement provides that the "payment is specifically not intended to represent in any fashion past or future wages ... or any alleged punitive damages."
 
 
 6
 After the settlement agreement, the parties sought resolution in district court of the last issue remaining, which they framed as whether the right of a wrongfully discharged employee to "backpay" pursuant to the California Fair Employment and Housing Act, California Government Code § 12900, et seq. ("FEHA") carries with it the right to the proceeds of the insurance policy that was in force at the time of discharge, or merely the premiums paid to keep it in force.
 
 INTERPRETATION OF STATE LAW
 
 7
 When sitting in diversity cases we apply state substantive law as "declared by [the state's] Legislature in a statute or by its highest court." Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). "If there be no decision by [the state supreme] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." Commissioner v. Estate of Bosch, 387 U.S. 456 (1967). In interpreting state law, this court may use such sources as "the relevant statutes, legislative history, treatises, restatements, and published opinions." In re McLinn, 739 F.2d 1395, 1400 (9th Cir.1984) (en banc).
 
 
 8
 The California FEHA establishes that freedom from job discrimination on specified grounds is a civil right and that such discrimination is against public policy and an unlawful employment practice. Commodore Home Sys., Inc. v. Superior Court of San Bernardino County, 649 P.2d 912, 913 (Cal.1982) (en banc). Under the FEHA, a court may offer any recognized judicial remedy to those who have been wrongfully discharged. Id. at 915-916. One such remedy is backpay. Lowe v. California Resources Agency, 2 Cal.Rptr.2d 558, 560 n. 3 (Cal.Ct.App.1991); Cal.Code Regs. tit. 2, § 7286.9(a)(1). One part of backpay is fringe benefits. County of Alameda v. Fair Employment & Housing Comm'n, 200 Cal.Rptr. 381, 386 (Cal.Ct.App.1984); 2 Cal.Code Regs. tit. 2 § 7286.9(a)(1)(B). One kind of fringe benefit is medical and life insurance benefits. § 7286.9(a)(1)(B).
 
 
 9
 Liability for backpay is ordinarily agreed upon or fixed by a judgment. In this case, no terminal date for backpay liability has been identified by agreement or judgment. Sposato's estate, however, is eligible for employer-paid life insurance benefits only for the period of time in which the employer is liable for backpay.
 
 
 10
 The most significant statement in the settlement agreement may be the following: "1. Plaintiff is entitled to the fringe benefit of life insurance as an element of back pay. Following the execution of this Release, the sole issue remaining to be adjudicated in the Action will be the issue of whether the proper measure of the value of the life insurance benefit is the cost of the premium or the sum equal to the proceeds of the EDS insurance policy that would have been in effect had Ms. Sposato died in an accident while employed by EDS ("the Life Insurance Issue").
 
 
 11
 The district court under the agreed submission of the case did not address whether the "settlement and general release" by the quoted language waived any designation of backpay, or the fixing of any period of potential liability for backpay. The record is silent on such important facts as the length of time, if any, for which the employer agreed to be liable for backpay, or, if there was no such agreement, then what length of time would have been reasonable, in the factual setting of this case. In order to determine what a California court might decide was due for "backpay" if this case had gone to trial, more facts are needed.
 
 
 12
 Unfortunately, for the purposes of this case, the settlement agreement drawn up after death is silent about any agreement terminating the employer's duty to pay "backpay." In a trial, that duration of backpay exposure would have been decided by the trier of fact.
 
 
 13
 Because the abstract question of the employer's liability for insurance, proceeds or premiums, was presented to the trial court as a bipolar choice, with no factual content, we don't know whether the parties agreed upon a cut-off date for backpay, or assumed that it was none of the trial court's business. Now the defense wants this court to approve the trial court's judgment on stipulated fragments of facts, and the plaintiff wants this court to set it aside and grant the full relief sought. On this record, we can do neither.
 
 
 14
 Obviously, courts will take a long and careful look at some reasonable time limit on an employer's exposure to backpay. An unlimited, open ended liability from discharge to eternity will soon put a speedy end to employer enthusiasm for providing life insurance to their labor force. Because the parties permitted the trial court to address none of these concerns, we will not expand the discussion of what turned out to be a "put up" case.
 
 
 15
 In this case, because the parties did not reveal to the trial court, or at least did not include in the trial record, any evidence upon which this court could determine what length of time was agreed upon, if it was agreed upon, or what length of time was reasonable, if not agreed upon, for the employer's backpay liability to continue in this case, we have no choice but to remand for the trial court to make that determination.
 
 
 16
 Vacated and remanded. Each side will bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3