T.C. Memo. 2012-51

UNITED STATES TAX COURT

JOSEPH DECRESCENZO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5630-09.                    Filed February 27, 2012.

Joseph DeCrescenzo, pro se.

<u>Mimi M. Wong</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency of $196,227 in

petitioner's 2006 Federal income tax and additions to tax under sections

6651(a)(1) and (2)[1] and 6654(a) of $44,151, $17,660, and $9,286, respectively.

After concessions,[2] the issue for decision is whether petitioner may offset his net earnings from self-employment with a net operating loss (NOL) carryforward that originated in earlier taxable years.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts have been rounded to the nearest dollar.

[2]The parties stipulated the following: (1) petitioner's filing status is married filing separately; (2) for purposes of the individual retirement account (IRA) deduction only, petitioner's filing status is single; and (3) petitioner is allowed one personal exemption deduction for 2006. The parties also stipulated that petitioner must include the following amounts in gross income for 2006: (1) interest of $25; (2) taxable annuity distributions of $21,807; (3) nonemployee compensation of $137,660; and (4) ordinary dividends of $5.

The parties also stipulated that petitioner is allowed the following deductions: (1) itemized deductions of $5,916; (2) a business expense deduction of $80,475; (3) a partnership loss deduction of $2,036; (4) an IRA deduction of $5,000; and (5) a self-employed health insurance deduction of $7,896. Petitioner also is allowed a $30 credit for Federal telephone excise tax paid and a $3,000 net short-term capital loss.

Petitioner concedes that if we find in favor of respondent on the remaining issue, he is liable for the additions to tax under secs. 6651(a)(1) and (2) and 6654(a).

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts is incorporated herein by this reference. Petitioner resided in New York when he filed his petition.

Petitioner is an accountant. In 2006 petitioner received nonemployee compensation of $137,660[3] from his accounting business.

Petitioner failed to timely file a Form 1040, U.S. Individual Income Tax Return, for 2006. Respondent prepared a substitute for return pursuant to section 6020(b) and determined a deficiency. On December 5, 2008, respondent mailed to petitioner a notice of deficiency for 2006. On the Schedule SE, Self-Employment Tax, respondent determined that petitioner received $131,660 in self-employment income and that he owed self-employment tax of $15,207.

Petitioner timely filed a petition for redetermination of the deficiency. The parties stipulated that petitioner has an NOL carryforward from prior years. While the parties agree that petitioner may reduce his total income by $51,065, the

---

[3]In the notice of deficiency, respondent determined that petitioner received self-employment income of $131,660. However, the parties stipulated that petitioner received self-employment income of $137,660. Neither party offered an explanation for the $6,000 difference between the amount in the notice of deficiency and the stipulated amount.

amount of the NOL carryforward, the parties disagree as to whether petitioner also may use the NOL carryforward to offset his self-employment income.

## I.     Preliminary Matters

Petitioner contends that this Court lacks jurisdiction to consider whether he may offset his net earnings from self-employment with an NOL carryforward on the ground that respondent did not raise the NOL carryforward issue in the notice of deficiency. Petitioner raised the same jurisdictional argument before trial in his motion to dismiss for lack of jurisdiction, which we denied.

Petitioner also appears to argue that we cannot hear the issue of whether petitioner may offset net earnings from self-employment with an NOL carryforward because the issue was untimely raised. Generally, "[w]e have refused to consider an untimely raised issue when the opposing party is unfairly surprised and prejudiced because his defense against the issue requires the presentation of evidence different from the evidence relevant to the identified issues in the case." Rolfs v. Commissioner, 135 T.C. 471, 484 (2010).

The parties filed a stipulation of settled issues on January 11, 2010, stipulating to the amount of the NOL carryforward and agreeing that the issue of whether the NOL carryforward offsets petitioner's net earnings from self-

employment remained in dispute. On October 22, 2010, the parties jointly moved to submit this case under Rule 122. It is apparent from the record that the parties jointly agreed to present the issue of how to calculate petitioner's net self-employment income to the Court. Furthermore, because the parties stipulated the existence and amount of the NOL, this issue does not require the presentation of new evidence. We shall consider the issue in accordance with the parties' stipulation.

## II.    Burden of Proof

Petitioner contends that respondent bears the burden of proof on the issue of whether he may offset net earnings from self-employment with an NOL carryforward because respondent failed to raise the issue in the notice of deficiency. Alternatively, petitioner contends that respondent bears the burden of proof because section 7491(a) applies.

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that they are incorrect. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Commissioner bears the burden of proof with respect to "any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer". Rule 142(a)(1). In Wayne Bolt & Nut Co. v.

Commissioner, 93 T.C. 500, 507 (1989), we stated: "A new theory that is presented to sustain a deficiency is treated as a new matter when it either alters the original deficiency or requires the presentation of different evidence. * * * A new theory which merely clarifies or develops the original determination is not a new matter in respect of which respondent bears the burden of proof." See also Shea v. Commissioner, 112 T.C. 183, 191-197 (1999). The Commissioner does not bear the burden of disproving deductions that a taxpayer belatedly claims. See Rappaport v. Commissioner, T.C. Memo. 2006-87.

Section 7491(a) provides that if a taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the tax liability of the taxpayer, the burden of proof shifts to the Secretary[4] if the taxpayer has complied with substantiation requirements, maintained all required records, and cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews.

---

[4]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

Petitioner did not claim the NOL carryforward until after respondent issued the notice of deficiency. After petitioner raised the issue of his entitlement to the NOL carryforward, respondent conceded that petitioner is entitled to the NOL carryforward deduction for 2006. Thereafter, in the course of trying to settle the case and calculate the deficiency, a dispute arose regarding the use of the NOL carryforward in calculating petitioner's self-employment tax. The only remaining issue is whether petitioner may use his NOL carryforward to offset net earnings from self-employment. Because the relevant facts are stipulated and only a legal issue remains, we need not decide whether the burden of proof shifts to respondent. See Estate of Morgens v. Commissioner, 133 T.C. 402, 409 (2009); see also Waamiq-Ali v. Commissioner, T.C. Memo. 2010-86; Rozzano v. Commissioner, T.C. Memo. 2007-177.

III.     Calculation of Self-Employment Income

A taxpayer's self-employment income is subject to self-employment tax. Sec. 1401(a) and (b). Self-employment tax is assessed and collected as part of the income tax, must be included in computing any income tax deficiency or overpayment for the applicable tax period, and must be taken into account for estimated tax purposes. Sec. 1401; see also sec. 1.1401-1(a), Income Tax Regs. Self-employment income is generally defined as "the net earnings from self-

employment derived by an individual".  Sec. 1402(b).  Section 1402(a) defines "net

earnings from self-employment" in pertinent part as follows:

SEC. 1402.  DEFINITIONS.

(a) Net Earnings From Self-Employment.--The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, plus his distributive share (whether or not distributed) of income or loss described in section 702(a)(8) from any trade or business carried on by a partnership of which he is a member; except that in computing such gross income and deductions and such distributive share of partnership ordinary income or loss--

*     *     *     *     *     *     *

(4) the deduction for net operating losses provided in section 172 shall not be allowed;

(5) if--

(A) any of the income derived from a trade or business (other than a trade or business carried on by a partnership) is community income under community property laws applicable to such income, the gross income and deductions attributable to such trade or business shall be treated as the gross income and deductions of the spouse carrying on such trade or business * * *; and

(B) any portion of a partner's distributive share of the ordinary income or loss from a trade or business carried on by a partnership is community income or loss under the community property laws applicable to such

share, all of such distributive share shall be included in computing the net earnings from self-employment of such partner * * *

See also sec. 1.1402(a)-1, Income Tax Regs. For purposes of determining self-employment income, section 1.1402(a)-7, Income Tax Regs., states that "[t]he deduction provided by section 172, relating to net operating losses sustained in years other than the taxable year, is excluded."[5]

We repeatedly have held that section 1402(a)(4) prohibits a taxpayer[6] from offsetting net earnings from self-employment with an NOL carryforward or carryback. Ding v. Commissioner, T.C. Memo. 1997-435, aff'd, 200 F.3d 587 (9th Cir. 1999); Laney v. Commissioner, T.C. Memo. 1997-403, aff'd without published opinion, 168 F.3d 482 (4th Cir. 1999); Mooney v. Commissioner, T.C. Memo.

---

[5]Sec. 172(a) provides that "[t]here shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term 'net operating loss deduction' means the deduction allowed by this subsection."

[6]Petitioner contends that para. (4) of sec. 1402(a) does not apply to individuals but instead applies only to partnerships. He contends that, because para. (5) of sec. 1402(a) begins with the word "if," para. (4) of sec. 1402(a) is applicable only if the taxpayer meets the requirements of either subpar. (A) or (B) of sec. 1402(a)(5). Paragraphs (1)-(17) of sec. 1402(a) set forth specific rules for computing net earnings from self-employment. Each numbered paragraph contains a separate rule. Paragraph (4) of sec. 1402(a) operates independently of para. (5) of sec. 1402(a), and the application of para. (4) of sec. 1402(a) is not dependent on the taxpayer's satisfaction of subpar. (A) or (B) of sec. 1402(a)(5).

1993-204, aff'd without published opinion, 111 F.3d 138 (9th Cir. 1997); see also

Thomson v. United States, 83 A.F.T.R.2d (RIA) 99-2210, 99-1 U.S. Tax Cas.

(CCH) para. 50,488 (Fed. Cl. 1999) (holding that the taxpayer did not make an

overpayment of self-employment tax in prior years because the taxpayer could not

offset net earnings from self-employment with an NOL carryback).[7]  As in the cited

cases, section 1402(a)(4) prohibits petitioner from using his NOL carryforward of

$51,065 to reduce his net earnings from self-employment in this case.

Because we conclude that petitioner may not offset his net earnings from self-

employment with his NOL carryforward, we hold that he is liable for the additions

to tax under sections 6651(a)(1) and (2) and 6654(a).  See supra note 2.[8]  We have

---

[7]Of the cited cases, petitioner attempts to distinguish only Mooney v.
Commissioner, T.C. Memo. 1993-204, aff'd without published opinion, 111 F.3d
138 (9th Cir. 1997).  In Mooney, we held that the taxpayers could not offset 1988
net earnings from self-employment with a 1988 net rental loss reported on a
Schedule E, Supplemental Income and Loss, because the taxpayers were not in a
real estate trade or business.  We also held that the taxpayers could not offset 1988
net earnings from self-employment with NOLs that the taxpayers sustained in 1984
and 1985.  Id.  Petitioner incorrectly assumes that the rental loss in Mooney derived
from participation in a partnership.

[8]Despite his concessions regarding the additions to tax, on brief petitioner
contends that the stipulation is not binding because he agreed to the stipulation
under duress.  Rule 91(e) provides that "[t]he Court will not permit a party to a
stipulation to qualify, change, or contradict a stipulation in whole or in part, except

(continued...)

considered all the other arguments made by the parties, and to the extent not

discussed above, we find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.

---

[8](...continued)
that it may do so where justice requires." While petitioner argues that he was unable to appear at trial because of an acute anxiety disorder, he introduced no evidence that he was suffering from the acute anxiety disorder at the time he executed the stipulation. <u>See</u> <u>King v. Commissioner</u>, 121 T.C. 245, 252-253 (2003). Petitioner is bound by the stipulation of settled issues.