12-3956 (L)
DeCrescenzo v. Comm'r of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **PETER W. HALL,**
> > *Circuit Judges*,
> **J. GARVAN MURTHA,**[*]
> > *District Judge*.

───────────────────────────────────────

Joseph DeCrescenzo,

> *Petitioner-Appellant*,

v.                                                                    12-3956(L), 13-509 (Con)

Commissioner of Internal Revenue ,

> *Respondent-Appellee*.

───────────────────────────────────────

**FOR PETITIONER-APPELLANT:**          Joseph DeCrescenzo, *pro se*, Mount Vernon, NY.

───────────────────────

[*]Judge J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

**FOR RESPONDENT-APPELLEE:**    Thomas J. Clark, Joseph B. Syverson, *for* Kathryn Keneally, Assistant Attorney General, Department of Justice, Washington, D.C.

Appeal from orders of the United States Tax Court (Marvel, *J.*, Kerrigan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the Tax Court are **AFFIRMED**.

Joseph DeCrescenzo, *pro se*, a self-employed accountant, did not file tax returns in 2005 or 2006.  The Internal Revenue Service mailed notices of deficiency to DeCrescenzo, and he petitioned the tax court to contest the deficiencies.  The issues on appeal are whether: (1) the notices of deficiencies were timely and contained sufficiently particularized determinations of the taxes DeCrescenzo owed; (2) the tax court properly imposed a failure-to-pay penalty; and (3) DeCrescenzo was entitled to a certain deduction from his self-employment income (the "net operating loss carryforward").  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a tax court's conclusions of law *de novo*, its findings of fact for clear error, and its application of its procedural rules for abuse of discretion.  *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); 26 U.S.C. § 7482(a)(1) (tax court decisions reviewed in same manner as decisions from district courts in civil cases).

**a.      Notices of Deficiency**

 Relying heavily on *Scar v. Comm'r*, 814 F.2d 1363 (9th Cir. 1987), DeCrescenzo argues that the IRS failed to "determine" his 2005 and 2006 deficiencies as required by I.R.C. § 6212(a).  In *Scar*, the taxpayers received notices of deficiency that "contained an explanation of

2

a tax shelter completely unrelated to their return, contained no adjustments to tax based on their return as filed, and stated affirmatively that the taxpayers'[] return is 'unavailable at this time.'" *Id.* at 1366. Holding that the IRS had failed to "determine" the deficiency within the meaning of § 6212(a), the Ninth Circuit concluded that the IRS "must consider information that relates to a particular taxpayer before it can be said that [it] has 'determined' a 'deficiency' in respect to that taxpayer." *Id.* at 1368.

By contrast, the IRS did so here. The notices of deficiency were calculated based on information from third parties' Forms 1099 regarding payments made to DeCrescenzo during 2005 and 2006. *Scar* is therefore inapposite. *See Sunik*, 321 F.3d at 336-37 (distinguishing *Scar* where IRS determined deficiency on the basis of information reported to the IRS by taxpayers' state tax agency); *Andrew Crispo Gallery, Inc. v. Comm'r*, 16 F.3d 1336, 1340-41 (2d Cir. 1994) (distinguishing *Scar* because the IRS had examined the taxpayer's return for the tax year at issue).

DeCrescenzo challenges the notices of deficiency as untimely. He is incorrect. It is undisputed that he failed to file tax returns in 2005 and 2006. The Internal Revenue Code unequivocally states that, if a taxpayer fails to file a return, the tax may be assessed at any time. I.R.C. § 6501(c)(3); *see also* § 6213(a) (stating that no assessment of deficiency shall be made until "such notice has been mailed to the taxpayer").

### b. Failure-to-Pay Penalty

Further, DeCrescenzo argues that I.R.C. § 6651(a)(2) (providing for a penalty for failure "to pay the amount shown as tax on [a tax return]") was inapplicable to him because he did not file tax returns. The penalty applied because the IRS completed returns for him for 2005 and

3

2006, and those returns are "treated as the return[s] filed by the taxpayer for purposes of determining" the penalty under § 6651(a)(2). I.R.C. § 6651(g)(2).

### c. Net Operating Loss Carryover

DeCrescenzo raises three arguments regarding net operating loss carryovers: (1) the parties stipulated to a net operating loss carryover deduction in the 2006 case, so the IRS was collaterally estopped from challenging the deduction in the 2005 case; (2) the IRS untimely raised the issue of whether he could reduce his 2006 self-employment income with the net operating loss carryover; and (3) § 1402(a)(4) (which excludes net operating loss carryovers from the calculation of self-employment income) was inapplicable to his case.

The 2006 stipulation did not collaterally estop the IRS. In it, the parties stipulated that, "for purposes of computing [DeCrescenzo's] income tax liability for the year 2006," his income was reduced by a net operating loss carryover. The stipulation was expressly "for settlement purposes only and without examination" by the IRS. Generally, "a fact established in prior litigation by stipulation, rather than by judicial resolution, has not been 'actually litigated'" for collateral estoppel purposes. *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005). However, "where parties intend a stipulation to be binding in future litigation, issues to which the parties have stipulated will be considered 'actually litigated.'" *Id.* Here, the net operating loss carryover stipulation was clearly not intended to be binding in future litigation: it expressly noted that it was "for settlement purposes only." Further, the stipulation stated that the net operating loss carryforward deduction applied "for purposes of computing [his] income tax liability for the year 2006" – that is, his income tax, not his self-employment tax.

4

DeCrescenzo argues that the IRS did not timely raise the issue of whether he could reduce his 2006 self-employment income with the net operating loss carryover. The tax court generally may "refuse[] to consider an untimely raised issue when the opposing party is unfairly surprised and prejudiced because his defense against the issue requires the presentation of evidence different from the evidence relevant to the identified issues in the case." *Rolfs v. Comm'r*, 135 T.C. 471, 484 (2010). The tax court did not abuse its discretion in holding that DeCrescenzo was not unfairly surprised or prejudiced because he agreed to litigate the net operating loss carryover issue when the parties filed their stipulation of settled issues.

Finally, DeCrescenzo argues that I.R.C. § 1402(a)(4) does not apply to him. That section provides that the deduction for net operating losses "shall not be allowed" when calculating net earnings from self employment. He argues that the exclusion applies only to partnerships because the following paragraph in the section (§ 1402(a)(5)) concerns partnerships. Each numbered paragraph of § 1402(a) contains a separate rule for computing net earnings from self employment. Section 1402(a)(4) is a stand-alone provision, and expressly excludes net operating loss carryovers from the calculation of self-employment income. *See, e.g.*, *Laney v. Comm'r*, No. 24510-90, 74 T.C.M. (CCH) 507, at *1 n.3 (T.C. 1997), *aff'd*, 168 F.3d 482 (4th Cir. 1999) (noting that "for purposes of self-employment taxes [§ 1402(a)(4)] expressly disallows net operating loss deductions in computing net earnings from self-employment").

Accordingly, we **AFFIRM** the orders of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk