# United States Tax Court

T.C. Memo. 2023-7

JOSEPH DECRESCENZO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 16784-18.                    Filed January 12, 2023.

————————

P assigned error to the statutory notice of deficiency (Notice) received from R, but neither P's assignments nor his averments address the numerous adjustments that R made to P's income for the years at issue. Rather, P's assignments concern process failures by R in determining the alleged deficiencies and additions to tax. By the Answer, R asserted accuracy-related penalties for the years at issue. On brief, R asks that we sanction P under I.R.C. § 6673(a) for instituting a proceeding primarily for delay or because P's position is frivolous or groundless.

*Held*: P's argument that we lack jurisdiction because the Notice is invalid in that R lacked authority to determine deficiencies in P's tax and send him notice thereof is without merit.

*Held, further*, P's argument that we lack jurisdiction because the Notice is invalid in that it fails to make a determination with respect to him is without merit.

*Held, further*, P's argument that the Notice is invalid in that it contains information that does not pertain to him is without merit.

**[\*2]**     *Held, further*, P is liable for an additions to tax for failure timely to file returns for all years at issue.

*Held, further*, R bearing the burden of proof for the accuracy-related penalties, first asserted in the Answer, he has failed to carry his burden to negate P's potential affirmative defenses except with respect to portions of P's underpayments for three of the years at issue attributable to his disregard of *DeCrescenzo v. Commissioner*, T.C. Memo. 2012-51, *aff'd*, 563 F. App'x 858 (2d Cir. 2014), and we sustain the penalties only with respect to those portions of the underpayments.

*Held, further*, P is liable for a penalty under I.R.C. § 6673(a)(1) because his claims with respect to the validity of the Notice are groundless and his arguments with respect thereto are meritless; moreover, he instituted this proceeding primarily for delay.

_____

*Fritz J. Firman*, for petitioner.

*Marissa J. Savit* and *Lyle B. Press*, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, *Judge*:  Respondent sent petitioner a statutory notice of deficiency in tax (Notice) determining deficiencies in petitioner's federal income tax and additions to tax for failure to make timely returns as follows:[1]

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

[*3]

| Year | Deficiency | Addition to Tax § 6651(a)(1) |
|---|---|---|
| 2007 | $5,287 | $1,322 |
| 2008 | 19,566 | 4,892 |
| 2009 | 8,765 | 2,191 |
| 2010 | 12,819 | 3,205 |
| 2011 | 15,178 | 3,795 |
| 2012 | 19,577 | 4,894 |
| 2013 | 17,069 | 4,267 |

Petitioner filed a Petition and respondent answered. In the Answer, respondent asserted section 6662 accuracy-related penalties for all years at issue. On brief, respondent asks that we sanction petitioner under section 6673(a) for instituting a proceeding primarily for delay or because petitioner's position is frivolous or groundless.

## FINDINGS OF FACT

*Preliminary Statement*

Before making our findings of fact, we pause to address petitioner's failure to comply with Rule 151, which addresses briefs. At the conclusion of the trial we ordered the parties to file briefs, setting a schedule for simultaneous briefs. Rule 151(e)(3) requires that an opening brief contain proposed findings of fact in the form of numbered concise statements of essential fact, each statement supported by reference to the pages of the transcript or the exhibits or other sources relied on in support of the proposed finding. The rule directs that proposed findings precede both the points on which the party relies and the party's argument. Petitioner's Opening Brief violates the rule in that it contains no numbered statements containing concise statements of essential facts with references to transcript pages or exhibits. Instead, petitioner's brief contains numerous statements of purported "facts" interwoven into a narrative without citation of any source relied on to support those statements. Petitioner's Answering Brief also violates Rule 151(e)(3), which requires that, in an answering brief, a party "set forth any objections, together with the reasons therefor, to any proposed findings of any other party." Petitioner sets forth, verbatim, numerous of respondent's proposed findings but without making any objection.

4

**[\*4]** Petitioner has not provided us with usable proposed findings of fact. Moreover, because he failed to object to respondent's proposed findings of fact, we must conclude that he accepts respondent's proposed findings of fact as correct. *See, e.g.*, *Jonson v. Commissioner*, 118 T.C. 106, 108 n.4 (2002), *aff'd*, 353 F.3d 1181 (10th Cir. 2003).

Petitioner bears the burden of proof except that, with respect to the additions to tax and the accuracy-related penalties, respondent bears a burden of production, *see* § 7491(c), and, additionally, with respect to the accuracy-related penalties, asserted in the answer, respondent bears the burden of proof, *see* Rule 142(a).

*Stipulation*

We have pursuant to Rule 91(f) deemed stipulated certain facts and the authenticity of certain documents. Those facts are so found, and the documents deemed stipulated are accepted as authentic.

*Petitioner*

Petitioner, an accountant, resided in New York when he filed the Petition.

*Returns*

Petitioner failed to make timely returns of income for the years at issue. After beginning the process to prepare substitutes for returns for petitioner for those years, respondent received petitioner's delinquent income tax returns as follows.

| Return for Tax (Calendar) Year | Date Received by Internal Revenue Service |
|---|---|
| 2007 | November 6, 2014 |
| 2008 | July 21, 2014 |
| 2009 | July 25, 2014 |
| 2010 | February 18, 2015 |
| 2011 | February 18, 2015 |
| 2012 | February 18, 2015 |
| 2013 | February 18, 2015 |

[*5]  Respondent made entries in his records upon receiving those returns, recording the receipt of each as "Amended Return Filed." Petitioner made those returns on Internal Revenue Service (IRS) Forms 1040, U.S. Individual Income Tax Return.  Although each Form 1040 reports items of income and deduction, all report zero income tax due, and none of the forms reports any self-employment tax.

*Examination*

Revenue Agent (RA) Edwin Smith was assigned to examine petitioner's returns.  Respondent had not processed petitioner's 2007 through 2012 returns before RA Smith began his examination. Nevertheless, RA Smith used information petitioner reported on those returns in determining deficiencies in petitioner's tax for those years. He determined a deficiency for each year, but, as supporting forms attached to the Notice show, he computed a deficiency for 2013—for which respondent *had* processed petitioner's return—somewhat differently from the way he computed deficiencies for 2007 through 2012.  Form 5278, Statement–Income Tax Changes, is attached to the Notice, and, for 2013, it shows the adjustments, positive (for disallowed deductions) and negative (for additionally allowed deductions), that RA Smith made to petitioner's 2013 taxable income as reported on his 2013 return (he made no adjustments for any unreported income).  He summed those adjustments and added the total (a positive number) to the taxable income that petitioner had reported for 2013 (a negative number) to compute petitioner's revised 2013 taxable income and the tax due on that taxable income.  He added unpaid self-employment tax and, from the sum of the two taxes, subtracted the amount of tax (zero) that petitioner had shown on his 2013 return, the difference being his determination of the deficiency in tax for 2013.

For 2007, 2008, and 2010 through 2012, Form 5278 and two sub forms, Form 4549B, Income Tax Examination Changes, and Form 886–A, Explanation of Items, all attached to the Notice, show how RA Smith computed the deficiency in tax for each of those years.  For each year, on Form 4549B, under the heading "Adjustments to Income" he listed the items and amounts from petitioner's return for the year that he accepted in full (positive entries for items of income and negative entries for deductions).  His entries on Form 4549B for the items he accepted in full constitute the bulk of entries on that form and correspond to petitioner's entries on the underlying tax returns.  He added to the list items that he only partially accepted, in the amounts that he accepted.  He omitted from the list items that he rejected.  He

**[\*6]** increased two items of income petitioner reported. He summed his adjustments (which represented his computation of petitioner's taxable income for the year) and carried the total (for each year, a positive number) to Form 5278 where, for the year, it appears under the heading "Total adjustments." He added the number to the taxable income that petitioner had reported for the year (in all cases, zero) to compute petitioner's revised taxable income (equal to the total adjustments) and the tax due on that amount. He added unpaid self-employment tax and, from the sum of the two taxes, subtracted the amount of tax (zero) shown on petitioner's return for the year, the difference being his determination of the deficiency in tax for the year.

For 2009, RA Smith appears to have used a hybrid method, apparently computing petitioner's taxable income for the year on Form 4549B in the manner he used for 2007, 2008, and 2010 through 2012,[2] but, after carrying that number ($70,081) to Form 5278 as "Total adjustments," he added a negative number (−$63,178) for the taxable income that petitioner had reported for the year. He considered the sum of petitioner's revised 2009 taxable income ($6,903) and computed the tax due on that amount. As with the other years, he added unpaid self-employment tax and, from the sum of the two taxes, subtracted the amount of tax (zero) shown on petitioner's return for the year, the difference being his determination of the 2009 deficiency in tax.[3]

*Extension of the Periods of Limitations*

Because the result of RA Smith's examination was adverse to him, petitioner appealed to the IRS Office of Appeals (Appeals).[4]

---

[2] But he entered as an adjusted amount for petitioner's 2009 itemized deductions a *positive* number ($23,047) when, for the other years, he entered a *negative* number. On Form 886–A he explains: "For 2009, it is determined that itemized deductions in the amount of $21,183.00 are allowable instead of the $44,230.00 itemized deductions claimed on your return. . . . Taxable income is increased $23,047.00 [the difference between $44,230 and $21,183] for tax year ended 2009."

[3] That hybrid method apparently produced a benefit for petitioner by double counting the deductions giving rise to the negative reported taxable income of $63,178 other than RA Smith's $23,047 positive adjustment for itemized deductions. *See supra* note 2.

[4] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[*7]   In April 2017 petitioner and Martin D. Fried, an Appeals officer (AO), both signed an IRS Form 872, Consent to Extend the Time to Assess Tax, extending the time to assess tax for the years at issue until March 31, 2018.  In November 2017, petitioner, and, in December 2017, AO Fried signed another Form 872, further extending the time to assess tax for the years at issue until September 30, 2018.

*Notice*

Respondent mailed the Notice on May 14, 2018.  The Notice, itself, is a three-page letter (Letter) addressed to petitioner that, on the first page, sets forth a deficiency in tax and a section 6651(a)(1) addition to tax for each year at issue as shown in the first paragraph of this report.  That information is followed on the first page by the salutation "Dear Taxpayer," and the first three sentences following the salutation are: "We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above.  This letter is your NOTICE OF DEFICIENCY as required by law.  The enclosed statement shows how we figured the deficiency."  Enclosed with the Letter are the aforementioned Forms 5278, 4549B, and 886–A plus numerous schedules and other forms.  The Letter and enclosures (sometimes, without distinction, Notice) consists of 70 pages, and the Letter and every page of the enclosures show petitioner's full name and taxpayer identification number except for the ten pages of Form 886–A, of which only the first page contains petitioner's full name.

*Pleadings*

Petitioner assigns error to the Notice, but neither petitioner's assignments nor his averments address the numerous adjustments that respondent made to petitioner's income for the years at issue.  Rather, petitioner's assignments concern process failures by respondent in determining the alleged deficiencies and additions to tax.  Among his assignments are:

> [T]he service did not have jurisdiction "as a matter of law" to issue an NOD for the year 2007 through 2013, as the Commissioner acted outside of authority provided by the Internal Revenue Code, more specifically, The Agent allegedly "RE-Opened" the audit case after Appeal had been effectuated.
>
> [T]he Notice of Deficiency (NOD) . . . IS DEFICIENT IN ITSELF, as it does not provide requisite documentation of

[*8]    the "reported income" upon which the alleged Deficiency is based, and is violative therefore, of procedural "requisite adequate notice" to be provided to the taxpayer, in accordance with the IRC and the basic tenants of **"Due Process",** providing "notice and an opportunity to be heard", and for petitioner to defend thereon.

The New York Appeals Office Service Center Campus issued the Deficiency in violation of "its own training manuals and procedures", without any report or communication to petitioner from that office**, of the alleged returns on appeal,** with the caveat:  that assumes that there is even authority in the IRC for said period in which the Commissioner is to act, which is disputed by petitioner.

[T]he Notice of Deficiency is "fatally flawed", and (assuming arguendo, that the service even had the authority to issue the same) does not provide the "requisite notice" and/or even a listing of "reporting documents" upon which the tax determination is allegedly based.

Petitioner also raises as an additional affirmative defense the expiration of the period of limitations.

In the Answer, respondent denies he erred as petitioner claims. In further answering the Petition, he avers that the deficiency for 2010 should be increased because, for that year, respondent erroneously allowed petitioner duplicate mortgage interest deductions of $954 when petitioner was entitled to only one such deduction. The Form 4549B attached to the Notice does contain two entries reading "Sch C1-Interest-Other . . . ($954)."

And, as previously described, respondent alleges that petitioner is liable for a section 6662 accuracy-related penalty for each year at issue. He avers that, after the Petition was filed, Marissa J. Savit, an attorney for respondent, made an initial determination to assert the penalties, which was personally approved in writing by Ms. Savit's immediate supervisor, Lyle B. Press, by virtue of Mr. Press's signature on the Answer.

Petitioner replied, denying his liability for the accuracy-related penalties.

**[\*9]** *Trial*

We tried this case in New York City on February 11, 2020. Although petitioner initiated this case pro se, he was represented at trial by counsel, Fritz J. Firman, Esq. At trial, the Court asked Mr. Firman whether petitioner claimed error in any of the many adjustments that respondent had made to the items reported on petitioner's returns. Mr. Firman answered that petitioner conceded all adjustments other than (1) unreported interest income of $110 for 2007, (2) petitioner's liability for self-employment tax for each year, (3) the disallowance of certain charitable contribution deductions petitioner claimed on Schedules C, Profit or Loss From Business, (4) the disallowance of fees for legal and professional fees claimed for 2013, and (5) all penalties.

OPINION

I. *Issues for Decision*

The parties filed briefs as ordered. We have in a preliminary statement to our Findings of Fact discussed deficiencies in petitioner's briefs. In an introduction to his Opening Brief, petitioner claims that, for one or both of the following reasons, we must dismiss this case.

1. The periods of limitations relevant to the years in issue provided for in section 6501(a) for the assessment and collection of tax have run.

2. The Notice is invalid because:

    a. It is not based on an action or authority provided for in the Internal Revenue Code.
    b. It fails to make a "determination" with respect to petitioner.
    c. It contains information that is not attributable to petitioner.

Petitioner does not in either his Opening or Answering Brief address the adjustments made by RA Smith and resulting in the deficiencies in tax in question. And while at trial Mr. Firman said that petitioner conceded all but five items, petitioner does not on brief address those five items.

**[\*10]** In his Answering Brief, respondent argues that we should deem those items abandoned because petitioner did not address them in his Opening Brief.

There is ample authority holding that we may conclude that a taxpayer abandons an issue by failing to raise it on brief. *See, e.g.*, *Lapid v. Commissioner*, T.C. Memo. 2004-222, 2004 WL 2244500, at \*5 (concluding that the taxpayers abandoned a point they failed to raise in their briefs (first citing *Lunsford v. Commissioner*, 117 T.C. 183, 187 (2001); and then citing *Nicklaus v. Commissioner*, 117 T.C. 117, 120 n.4 (2001))).

Mr. Firman signed both petitioner's Opening and Answering Briefs. We assume that Mr. Firman consulted with his client about limiting petitioner's arguments on brief. We accept that limitation and hold that petitioner has abandoned any claim that (1) his 2007 taxable income should not be increased by $110 on account of interest income that he failed to report, (2) he is not liable for self-employment taxes as respondent determined for each year at issue, (3) he be allowed the Schedule C charitable contribution deductions that respondent disallowed, and (4) he be allowed a deduction for 2013 for the legal and professional fees that respondent disallowed. We also accept the concessions that Mr. Firman made at trial as to the remaining substantive issues raised by the Notice. Because there is no disagreement about RA Smith's duplicate allowance of a $954 deduction for interest for 2010, we will disallow one of those adjustments. We will address petitioner's claims as to the period of limitations and the validity of the Notice. As to the additions to tax for failure to file timely returns for the years at issue, respondent must carry his burden of production. *See* § 7491(c). Respondent must carry that burden plus the burden of proof for the accuracy-related penalties.

## II.    *Period of Limitations*

Although section 6501(a) requires that "the amount of any tax imposed . . . shall be assessed within 3 years after the return was filed," section 6501(c)(4) provides that the period may be extended by agreement of the parties.

Petitioner filed his returns for the years at issue on or after July 21, 2014, and respondent mailed the Notice on May 14, 2018. By agreement with AO Fried, petitioner had extended the time to assess tax for the years at issue until September 30, 2018. The Notice was

**[\*11]** timely on its face.  *See* § 6501(a), (c)(4).  Petitioner's argument that the Notice was *not* timely does not question the consequences of those dates but, rather, questions the "validity" of the Notice on the premise that, if the Notice is invalid, the period of limitations is beside the point: "[A]s the [Notice] is invalid, . . . the signing of any extension cannot confer jurisdiction on the court."

Because we accept the validity of the Notice, petitioner has no claim that the Notice was not timely.  We will, therefore, not dismiss this case on the ground that the Notice was untimely.

III.  *Validity of the Notice*

A.  *Introduction*

1.  *Background*

Like all federal courts, the Tax Court is a court of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by Congress.  *See* § 7442; *Menard, Inc. v. Commissioner*, 130 T.C. 54, 59 (2008), *rev'd on other grounds*, 560 F.3d 620 (7th Cir. 2009).  Petitioner invoked our jurisdiction by filing a petition under section 6213(a) for the redetermination of deficiencies.  Even without the benefit of specific statutory authority, we have jurisdiction to consider our own jurisdiction.  *E.g.*, *U.S. Auto Sales, Inc. v. Commissioner*, 153 T.C. 94, 97 (2019).  If the Commissioner fails to issue a valid notice of deficiency, we will dismiss the case for lack of jurisdiction on that ground.  *E.g.*, *Keeton v. Commissioner*, 74 T.C. 377, 379 (1980).

Section 6212(a) authorizes the Secretary (i.e., the Commissioner or his delegate) to send a notice of deficiency when he determines a deficiency in a taxpayer's tax.  Although the section authorizes the Secretary to send a notice of deficiency, the Code does not specify the form of the notice.  Section 7522(a) provides that the notice must "describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice."  But even an inadequate description does not invalidate a notice.  *Dees v. Commissioner*, 148 T.C. 1, 4 (2017).

We have described the essential purpose of a deficiency notice as follows: "The essential purpose of a deficiency notice is to provide a formal notification that a deficiency in taxes has been determined." *Pietz v. Commissioner*, 59 T.C. 207, 213–14 (1972).  Our view of what it takes to accomplish that purpose has been evolving.  Three cases mark

**[\*12]** that evolution: *Scar v. Commissioner*, 81 T.C. 855 (1983), *rev'd*, 814 F.2d 1363 (9th Cir. 1987); *Campbell v. Commissioner*, 90 T.C. 110 (1988); and *Dees*.

### 2.    Scar

*Scar* presented us with the question of whether a notice that sets forth the amount of the deficiency and the taxable year involved is valid if the notice otherwise shows that the Commissioner has not, in fact, determined any deficiency in the taxpayer's tax for the taxable year identified. We denied the taxpayers' motion to dismiss for lack of jurisdiction on the grounds that the notice was invalid. We held: "The requirements of section 6212(a) are met if the notice of deficiency sets forth the amount of the deficiency and the taxable year involved." *Scar*, 81 T.C. at 860–61.

### 3.    Campbell

Subsequently, in *Campbell*, we denied the taxpayers' motion to dismiss for lack of jurisdiction on the grounds that the notice was invalid because, although the first two pages of the notice included the taxpayers' names and set forth a deficiency in tax and additions to tax for a specific year, the remaining seven pages of the notice contained adjustments to income and explanations of the adjustments for a taxpayer with a different name. The first two pages of the notice, we held, "clearly indicate that the taxpayers against whom the deficiency was determined were the [Campbells]." *Campbell*, 90 T.C. at 113. The nine pages, we held, "do[] not reveal on [their] face that the Commissioner failed to make a determination." *Id.* More generally, we held: "Where the notice of deficiency does not reveal on its face that the Commissioner failed to make a determination, a presumption arises that there was a deficiency *determination*." *Id.*

### 4.    Dees

Most recently, in *Dees*, 148 T.C. 1, we asked whether we should dismiss the case for lack of jurisdiction because a letter mailed to the taxpayer, captioned "Notice of Deficiency," showed the purported deficiency as: "Deficiency: $.00." The Commissioner explained that, because of a clerical error, the letter incorrectly reflected a deficiency of zero. Despite that error, he continued, an attachment to the letter disallowed a refundable credit claimed by the taxpayer and determined a deficiency in his tax "because '[t]he computations for the disallowed

**[\*13]** credit are attached to the letter portion of the notice . . . in which the deficiency is the amount of the disallowed credit.'" *Id.* at 3.

In answering whether we should dismiss the case, we claimed to distill our prior caselaw into "a two-prong approach to the question of the validity of [a] notice of deficiency." *Id.* at 5–6. In the first step of the *Dees* approach, "we look to see whether the notice objectively put a reasonable taxpayer on notice that the Commissioner determined a deficiency in tax for a particular year and amount." *Id.* at 6. We held that, if the notice passes that test, "our inquiry ends there; the notice is valid." *Id.* If, instead, the notice is "ambiguous," we continued, "the party seeking to establish jurisdiction [must] establish that the Commissioner made a determination and that the taxpayer was not misled by the ambiguous notice." *Id.*

Applying the two-prong approach to the facts before us, we found that the notice did state that the Commissioner was disallowing the taxpayer's refundable credit, and, although the notice was ambiguous, the Commissioner had established that he had determined a deficiency. Moreover, as evidenced by the content of his timely petition, the record established that the taxpayer had not been misled. Accordingly, we concluded, the notice was valid and we would not dismiss for lack of jurisdiction. *Id.* at 9.[5]

### 5. *Conclusion*

We will discuss petitioner's three arguments with those three cases in mind.

### B. *Analysis*

#### 1. *The Notice Is Not Based on Any Action or Authority Provided by the Code.*

Petitioner's first argument is directed not at the content of the Notice but, more fundamentally, at respondent's authority to determine

---

[5] In *U.S. Auto Sales, Inc.*, 153 T.C. 94, we dismissed for lack of jurisdiction an ambiguous notice—identifying two taxpayers as potentially liable for the deficiencies identified therein—because the party seeking to establish jurisdiction—the taxpayer to whom the notice was sent—was unable to show that, in fact, the Commissioner had determined deficiencies in its tax for the years identified in the notice.

**[\*14]** deficiencies in petitioner's income tax for the years at issue and send him notice thereof.

The authority for the Commissioner to determine a deficiency in income tax and send notice thereof to a taxpayer is beyond dispute. Section 6301 provides: "The Secretary shall collect the taxes imposed by the internal revenue laws." As discussed *supra* Part III.A.1, section 6212(a) authorizes the Commissioner to send a notice of deficiency but does not specify the form of the notice. A deficiency is defined generally as the excess of tax owed over tax shown by the taxpayer on a return. *See* § 6211(a).

Petitioner apparently believes that the Commissioner lacked authority to send him the Notice because it "is not based either on an SFR [substitute for return], or any filed tax return." In answering petitioner, we start from the firmly established understanding that section 6211(a) does not require the Commissioner to prepare an SFR before determining a deficiency in tax for a nonfiler and sending notice thereof. *Brenner v. Commissioner*, T.C. Memo. 2004-202, 2004 WL 1946366, at \*5, *aff'd*, 164 F. App'x 848 (11th Cir. 2006); *see also Roat v. Commissioner*, 847 F.2d 1379, 1382 (9th Cir. 1988) (holding that, even when a substitute for return is prepared for a taxpayer, the Commissioner need not use that "return" in determining the taxpayer's deficiency under section 6211(a)). Moreover, respondent *was* in possession of petitioner's returns for the years at issue before determining deficiencies in tax. And while petitioner may quibble about the validity of the Notice, we see no lack of authority in the Code for respondent to have sent it to him.

> 2. *The Notice Fails to Make a "Determination" with Respect to Petitioner.*

> a. Scar

The Letter is addressed to petitioner and sets forth the amounts of the deficiencies in tax and the taxable years involved. The Notice thus satisfies the requirements of section 6212(a) as interpreted in *Scar* and passes muster under *Scar*.

> b. Campbell

*Campbell* created a presumption that the Commissioner made a deficiency determination if a notice does not show on its face that he did not. *See Campbell*, 90 T.C. at 113. Considered alone, the Letter

**[\*15]** (addressed to petitioner and setting forth the amounts and years of the deficiencies) does not show that respondent failed to determine deficiencies in petitioner's tax. Moreover, nothing in the remaining 67 pages of the Notice shows anything to the contrary. Petitioner's name appears on nearly every one of those pages. Nowhere in those pages is another taxpayer listed, nor does anything in those pages indicate that adjustments were being made to any taxpayer's income other than petitioner's. And while RA Smith's adjustments for 2007 through 2012 may have been unorthodox—in essence, he started from scratch to compute petitioner's adjusted taxable income for each year—there is nothing in that methodology to suggest that he failed to consider information that related to petitioner. We therefore presume from the Notice that respondent determined deficiencies with respect to petitioner for the years at issue. The Notice passes muster under *Campbell*.

c.     Dees

Under the first prong of the two-prong test we set forth in *Dees*, there is no doubt that, considered objectively, the Letter would put a hypothetical reasonable taxpayer[6] on notice that respondent had determined deficiencies in petitioner's tax for particular years and in particular amounts. The Letter is addressed to petitioner and, on the first page, following a list of deficiencies in, and additions to, tax for the years at issue, and after addressing petitioner as "Dear Taxpayer," it continues: "We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY as required by law." There is nothing in the additional 67 pages of the Notice that makes that claim ambiguous. There is, therefore, nothing more to consider: "[I]f the notice is sufficient to inform a reasonable taxpayer that the Commissioner has determined a deficiency, our inquiry ends there; the notice is valid." *Dees*, 148 T.C. at 6. The Notice passes muster under *Dees*.

3.    *The Notice Contains Information that Does Not Pertain to Petitioner.*

Petitioner argues that the Notice is invalid because it contains "information" that does not pertain to him. Petitioner is unclear on what

---

[6] Kin, no doubt, to that "ubiquitous character well known to lay jurors," "the law's 'reasonable person.'" *First Sav. Bank, FSB v. Am. Cas. Co. of Reading, Pa.*, 985 F.2d 553, 1993 WL 27403, at \*4 n.4 (4th Cir. 1993) (unpublished table decision).

**[\*16]** information that is, but respondent surmises that petitioner is referring to $100 of a positive adjustment of $112 for unreported interest income that RA Smith made to petitioner's 2007 taxable income. Petitioner may believe that $100 of that adjustment is attributable to interest from an account belonging to a client of his with respect to which he had signature authority and not to an account of his. The $112 adjustment is shown in the Notice on Form 4549B without explanation and is explained on the Form 866–A only as follows: "It is determined that taxable interest in the amount[] of $112.00 . . . [is] includible in income for taxable year[] 2007 . . . . Accordingly, taxable income is increased $112.00 for tax year ended 2007 . . . ." And while that is not much of an explanation, it is more than is necessary because, as we said in *Campbell*, 90 T.C. at 115, the Commissioner "need not explain how . . . deficiencies were determined." More pertinently, the explanation does not indicate that, in adjusting petitioner's 2007 taxable income on account of unreported interest, respondent failed to consider information that related to petitioner or did not make an adjustment resulting in an increased deficiency for 2007. We thus have no cause to question our conclusion in the immediately preceding subdivision of this report that the Notice both qualifies for the *Campbell* presumption and satisfied the first prong of the *Dees* test.

4.    *Conclusion*

We will not dismiss this case for lack of jurisdiction on the grounds that the Notice is invalid.

IV.    *Additions to Tax and Penalties*

A.    *Failure to File Timely Tax Return*

Respondent determined in the Notice that petitioner was liable for additions to tax for failure to file timely returns for all years at issue.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition equals 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. *Id.* The addition to tax does not apply if the failure to file timely is due to reasonable cause and not to willful neglect. *Id.*

When the taxpayer is an individual, the Commissioner has the initial burden of production as to additions to tax, penalties, and other

**[\*17]** additional amounts, meaning he must make a prima facie case that imposing liability is appropriate. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001); *Fabian v. Commissioner*, T.C. Memo. 2022-94, at \*38. If the Commissioner carries his burden, normally the taxpayer has the burden of proving that any affirmative defenses apply, such as that the taxpayer acted with reasonable cause and in good faith. *See, e.g.*, *Fabian*, T.C. Memo. 2022-94, at \*38.

The parties have stipulated that petitioner failed timely to file income tax returns for the years at issue. Respondent has carried his burden of production. Because petitioner does not raise any defense to the section 6651(a)(1) additions to tax, we will sustain the additions.

B.     *Section 6662(a) Accuracy-Related Penalties*

1.     *Introduction*

By the Answer, respondent asserts that petitioner is liable for accuracy-related penalties for all years at issue.

Section 6662(a) and (b)(1) provides for an accuracy-related penalty of 20% of the portion of an underpayment of tax required to be shown on a return attributable to negligence or disregard of rules and regulations (without distinction, negligence). Section 6662(a) and (b)(2) provides for the same penalty on the portion of an underpayment of tax attributable to any substantial understatement of income tax. In the case of an individual, there is a substantial understatement of income tax for a year if the amount of the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return for the tax year or (2) $5,000. § 6662(d)(1)(A). The amount of an understatement is reduced if there is substantial authority for the taxpayer's treatment of an item on his return. *See* § 6662(d)(2)(B)(i). Also, the amount of the understatement is reduced for any item that is adequately disclosed in the taxpayer's return, or in an attached statement, if there is reasonable basis for the taxpayer's treatment of the item. *See* § 6662(d)(2)(B)(ii). Finally, section 6664(c)(1) provides a reasonable cause exception to imposition of the section 6662(a) accuracy-related penalty on that portion of an underpayment for which it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith.

Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment even if that portion is subject to

**[\*18]** the penalty on more than one of the grounds set out in section 6662(b).  Treas. Reg. § 1.6662-2(c).

### 2. *Burden of Production*

#### a. *Introduction*

The Commissioner's burden of production with respect to the accuracy-related penalty includes making a prima facie case that the section 6751(b)(1) requirement for written supervisory approval has been met.  *E.g., Ball v. Commissioner*, T.C. Memo. 2020-152, at \*12.  Section 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher-level official as the Secretary may designate."

#### b. *Penalty Approval*

Respondent has carried his burden with respect to the penalty approval required by section 6751(b)(1).  Respondent's counsel, Ms. Savit, asserted accuracy-related penalties under section 6662(a) and (b)(1) and (2) in this case for the first time in the Answer.  Mr. Press, her immediate supervisor, approved the penalties in writing by signing the Answer.  That satisfied section 6751(b).  *See, e.g., Roth v. Commissioner*, T.C. Memo. 2017-248, at \*10, *aff'd*, 922 F.3d 1126 (10th Cir. 2019).

#### c. *Grounds for the Penalties*

Respondent has also made a prima facie case for the accuracy-related penalties on the grounds that, for each year at issue, petitioner underpaid his income tax because he substantially understated the tax he was required to show on his return.  The amount of tax petitioner was required to show was, with a minor increase for 2010, the amount of the deficiency in tax shown in the first paragraph of this report.  For each year at issue, petitioner reported zero tax liability on the return he filed for that year.  Thus, for each year, his understatement of income tax was both equal to (100% of) the tax required to be shown on the

[*19] return and more than $5,000. In other words, a substantial understatement of income tax.[7] *See* § 6662(d)(1)(A).

Respondent claims as an alternative basis for the accuracy-related penalties that petitioner's underpayments of tax for the years at issue were due to negligence. Respondent proposes that we find that "petitioner has not substantiated any items disallowed by respondent in the [Notice]." Petitioner has made no objection to respondent's proposed finding, and we so find. Respondent directs us to Treasury Regulation § 1.6662-3(b)(1), which, in pertinent part, provides that negligence "includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." In *Megibow v. Commissioner*, T.C. Memo. 2004-41, 2004 WL 309153, at *13, we concluded that the Commissioner met his section 7491(c) burden of production where the record showed that the taxpayer failed to keep adequate books and records and properly to substantiate reported items. We reach a similar conclusion here on the basis of petitioner's failures to substantiate the items disallowed.

In support of his claims of negligent underpayments for 2010, 2011, and 2012, respondent also argues that petitioner failed to report and pay self-employment tax because he reduced his net earnings from self-employment (from his accounting and bookkeeping business) by net operating loss carryforwards. That, respondent continues, was in contradiction to our holding in petitioner's prior Tax Court case involving his 2006 taxable year, *DeCrescenzo v. Commissioner*, T.C. Memo. 2012-51, 2012 WL 612493, at *3 ("We repeatedly have held that section 1402(a)(4) prohibits a taxpayer from offsetting net earnings from self-employment with an NOL carryforward or carryback." (Footnote omitted.)), *aff'd*, 563 F. App'x 858 (2d Cir. 2014). The Court of Appeals

---

[7] We have found that, before RA Smith began his examination of petitioner's returns, respondent had not processed those returns. That finding is based on a statement in the Answer in support of respondent's claim for a 2010 deficiency greater than that set forth in the Notice. Respondent states: "Because respondent did not process the delinquent federal income tax returns filed by petitioner for the Tax Years at Issue, the Notice of Deficiency reflects respondent's allowances of expenses and deductions for all Tax Years at Issue in addition to his disallowances." Respondent does not further explain what the fact that he did not process the returns signifies. We have found that RA Smith used information petitioner reported on those returns in determining deficiencies in petitioner's tax for those years and that the bulk of RA Smith's adjustments for 2007 through 2012 correspond to entries on petitioner's returns. Those facts convince us that, in determining the understatements of income tax in question (and petitioner's negligence), respondent relied on petitioner's returns. *See Stevens v. Commissioner*, T.C. Memo. 2020-118, at *46–48.

[*20] decision is dated April 30, 2014, which was before the dates on which petitioner filed his returns for the years at issue. We agree that petitioner was negligent in failing to report and pay self-employment tax.

3. *Burden of Proof*

In the usual case, the Commissioner having carried his burden of production with respect to a penalty, the burden of proof (viz, the risk of nonpersuasion) is with the taxpayer, which includes the burden to prove any affirmative defense. *See, e.g.*, *Fabian*, T.C. Memo. 2022-94, at *38. That is not the case here because the accuracy-related penalties are a new matter and respondent has the burden of proving not only grounds for the penalties but also the absence of any affirmative defenses. *See* Rule 142(a); *Sanderling, Inc. v. Commissioner*, 66 T.C. 743, 757 (1976), *aff'd in part, rev'd in part*, 571 F.2d 174 (3d Cir. 1978); *McMillan v. Commissioner*, T.C. Memo. 2019-108, at *48. We have accepted respondent's prima facie case for the accuracy-related penalties and turn to the question of defenses.

As stated, section 6664(c)(1) excepts from imposition of the accuracy-related penalty that portion of an underpayment for which the taxpayer both had reasonable cause and acted in good faith. The determination of reasonable cause and good faith is made considering all relevant facts and circumstances. *See Higbee*, 116 T.C. at 448; Treas. Reg. § 1.6664-4(b)(1). A taxpayer has reasonable cause for a portion of an underpayment if the taxpayer exercised ordinary business care and prudence with respect to the portion. *See, e.g.*, *United States v. Boyle*, 469 U.S. 241, 246 (1985); *Pankratz v. Commissioner*, T.C. Memo. 2021-26, at *22. The inquiry is fact intensive and requires examination of all the facts and circumstances. *See, e.g.*, *Pankratz*, T.C. Memo. 2021-26, at *22. "Good faith" is not expressly defined; however, an honest misunderstanding of fact or law that is reasonable considering the taxpayer's experience, knowledge, and education may indicate reasonable cause and good faith. *See Higbee*, 116 T.C. at 449; *Barnes v. Commissioner*, T.C. Memo. 2016-79, at *11–12.

Respondent has perhaps overlooked that it is his burden to negate petitioner's potential affirmative defenses. We say so because, with respect to petitioner's understatements of income tax for the years at issue, respondent argues: "[P]*etitioner* cannot establish that he ha[d] reasonable cause and acted in good faith." (Emphasis added.)

[*21] In support of his argument that petitioner has not established any affirmative defense, respondent proposes the following five findings of fact.

> 1. Citing the Notice, respondent proposes that we find that he determined substantial understatements of income tax for the years at issue.

> 2. Citing the "[e]ntire record," he proposes that we find that for all years at issue, petitioner's "understatements of tax resulted from . . . [his] incorrect reporting of deductions, expenses, and losses, and/or his failure to substantiate his claimed expenses at issue."

> 3. Also citing the entire record, he proposes that we find that "[p]etitioner has not substantiated any items disallowed . . . in the [Notice]."

> 4. And citing petitioner's returns for the years at issue, he proposes that we find that petitioner disregarded our Memorandum Opinion in *DeCrescenzo*, T.C. Memo. 2012-51.

> 5. Finally, quoting petitioner, respondent asks that we find that petitioner is "the best at anything having to do with finance and accounting."

We have already found respondent's third proposed finding, and petitioner does not object to the remaining four, and we so find. None of those facts, however, except perhaps the fourth, directly addresses petitioner's care and prudence in preparing his returns nor, except perhaps the fifth, his understanding of fact or law (i.e., elements of reasonable cause and good faith). And the findings are wholesale, not attentive to the fact that applying the criteria for reasonable cause and good faith may result in different results for different portions of an underpayment. While it is difficult to prove a negative (e.g., the absence of either reasonable cause or good faith), respondent's counsel might have attempted to resolve that difficulty by interrogating petitioner during trial and proposing facts based on his testimony that would give us reason find petitioner acted either without reasonable cause or not in good faith.

Other than the portions of petitioner's underpayments for 2010, 2011, and 2012 attributable to his disregard of *DeCrescenzo* and his failures to report self-employment tax, respondent has failed to provide

**[\*22]** evidence sufficient for us to find that any of petitioner's underpayments of tax resulted from a lack of reasonable cause or good faith. As a result, with that one exception, respondent has failed to prove petitioner liable for any accuracy-related penalty, and we will not sustain those penalties.

With respect to the one exception, petitioner's understatements of tax resulting from his disregard of *DeCrescenzo*, petitioner had (or has) no substantial authority for his failure to report self-employment tax nor any reasonable basis for his treatment of those items. *See* § 6662(d)(2)(B). We do not reduce petitioner's understatements of tax on account of his failures to report self-employment tax and sustain section 6662(a) accuracy-related penalties attributable to the resulting underpayments of tax.

C.      *Section 6673(a)(1) Sanction for Instituting a Proceeding Primarily for Delay or Where the Taxpayer's Position Is Frivolous or Groundless*

Respondent asks that we sanction petitioner under section 6673(a)(1) for instituting this proceeding primarily for delay, for making frivolous arguments, and for taking groundless positions.

In pertinent part, section 6673(a)(1) allows us to impose a penalty of up to $25,000 if (1) the taxpayer has instituted or maintained proceedings before the Tax Court primarily for delay or (2) the taxpayer's position in the proceeding is frivolous or groundless. "Groundless" means "lacking a basis or a rationale." *Groundless*, *Black's Law Dictionary* (11th ed. 2019). Further, "[t]he purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002). Given the public policy interest in deterring the abuse and waste of judicial resources, the authority of the Court to impose a penalty and decide in what amount is broad. *See, e.g., Kaebel v. Commissioner*, T.C. Memo. 2021-109, at \*17–18. We may impose the penalty even where taxpayers have raised some issues that were neither frivolous nor groundless, along with issues that were frivolous or groundless. *See, e.g., id.* at \*18.

**[\*23]** In support of a sanction, respondent reports difficulties in working with petitioner during the trial preparation phase of this case culminating with respondent's unsuccessful attempt to engage petitioner in stipulating facts and exhibits not fairly in dispute. *See* Rule 91(a). Because of petitioner's noncooperation, respondent moved pursuant to Rule 91(f) for us to order petitioner to show cause why we should not accept as established the facts and documents respondent proposed to stipulate. We so ordered and, on receipt of petitioner's response, made our Order absolute, saying of petitioner's response that it "fail[ed] to meaningfully explain why the facts and evidence should not be established." Respondent characterizes petitioner's failures to cooperate in trial preparation as indictive of his motive to delay collection of the tax owing.

Respondent also claims that, for purposes of delay, petitioner has groundlessly challenged the validity of the Notice. Respondent avers that this is not the first Tax Court case in which, on the same meritless grounds, petitioner has challenged the validity of a notice. Respondent directs us to the petition in *DeCrescenzo v. Commissioner*, No. 17318-11 (T.C. Nov. 20, 2012), *aff'd, 563* F. App'x 858 (2d Cir. 2014), a case involving the Commissioner's determination of a deficiency on account of Mr. DeCrescenzo's failure to file timely a return for 2005. Mr. DeCrescenzo's assignments of error in that case include claims of process failures by the Commissioner that, if true, would bring into question the validity of the notice he sent. The assignments are in text substantially identical to that set out *supra* pp. 7–8, under the heading *Pleadings*. On the basis of those assignments, Mr. DeCrescenzo, in the 2005-year case, moved to dismiss the case for lack of jurisdiction, a motion that, after receiving the Commissioner's response and Mr. DeCrescenzo's reply, we denied summarily on June 6, 2012.

As our discussion *supra* Part III.B makes clear, petitioner lacks grounds for challenging our jurisdiction to redetermine deficiencies in petitioner's tax for the years at issue. Petitioner's arguments about the validity of the Notice are meritless, and petitioner should have been on notice of that fact because of our summary rejection of his same arguments in *DeCrescenzo*, No. 17318-11. A taxpayer who ignores warnings that an argument is meritless is deserving of a greater penalty. *See Leyshon v. Commissioner*, T.C. Memo. 2015-104, at \*25, *aff'd*, 649 F. App'x 299 (4th Cir. 2016).

Petitioner's claims with respect to the validity of the Notice are groundless, and his arguments with respect thereto are meritless. We

**[\*24]** also find that he instituted this proceeding primarily for delay. We hold that petitioner is liable for a $5,000 penalty pursuant to section 6673(a)(1).

To reflect the foregoing,

*Decision will be entered under Rule 155.*